## DOYLE v. WEST TEMPLE TERRACE CO. et al.

No. 2499.   Decided July 26, 1913 (135 Pac. 103).

1. APPEAL AND ERROR—HARMLESS ERROR—OVERRULING DEMURRER. Under Comp. Laws 1907, sec. 3008, providing that no judgment shall be reversed for error which does not affect the substantial rights of the parties, a defendant in an action to quiet title cannot, on appeal, attack the ruling on a special demurrer for misjoinder of parties and causes of action, without showing that it was injuriously affected thereby, since the demurrer admitted the allegation that it had no interest in the property, and therefore its substantial rights could not be affected.   (Page 280.)

2. ACTION—JOINDER OF CAUSES—QUIETING TITLE AND CANCELLATION OF JUDGMENT. In an action to quiet title to real estate the plaintiff may seek to have a judgment against him, which affects his title, canceled on the ground of fraud in procuring it, without thereby improperly uniting different causes of action. (Page 281.)

3. JUDGMENT—EQUITABLE RELIEF—FORM OF REMEDY—ACTION TO QUIET TITLE. In such a case the attack on the judgment is a direct and not a collateral attack.[1]   (Page 281.)

4. TRIAL—OBJECTION TO EVIDENCE—RIGHT TO OBJECT—PARTY IN DEFAULT. While in some actions for unliquidated damages a party in default may participate in the trial in so far as the damages are concerned, a defendant in an action to quiet title, whose demurrer to the complaint, admitting that it had no interest in the subject-matter, had been overruled, and who had refused to plead further, and was in default for want of an answer, was not entitled to object to the introduction of evidence.   (Page 282.)

[1] Mosby v. Gisborn, 17 Utah, 257-283, 54 Pac. 121.

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by J. L. Doyle against the West Temple Terrace Company and others.

Judgment for plaintiff. Defendant, West Temple Terrace Company, appeals.

AFFIRMED.

*C. S. Patterson* for appellant.

*Allen T. Sanford* for respondent.

FRICK, J.

This action was brought in the district court of Salt Lake County to quiet the title to certain real estate in the plaintiff as against all outstanding claims generally, and particularly as against a certain judgment which he asked the court to set aside and annul upon the ground that it was obtained by fraud, practiced by the defendant Franklin Lawrence in obtaining the same against the plaintiff. In addition to the defendant West Temple Terrace Co., the appellant here, there were fifteen other defendants in the district court, none of whom have questioned the judgment, and hence will not be referred to further in this opinion. The West Temple Terrace Company demurred to the complaint upon the grounds (1) "that there is a misjoinder of parties defendant," and (2) "that several causes of action have been improperly united, to wit, (a) an action to set aside a decree of this court, and (b) an action to determine adverse claims to the real estate described in said complaint." The district court overruled the demurrer, and appellant refusing to plead further, but electing to stand on its demurrer, default was entered against it, and the action proceeded to judgment.

As against the appellant the allegations in the complaint and the findings of fact are, substantially, as follows:

That on the 26th day of August, 1891, the plaintiff became the owner in fee of certain real estate in Salt Lake City and County, which is fully described in both the complaint and the findings, and which is the identical real estate in controversy in this action; that he ever since has been, and now is, in possession of it, and is the owner thereof; that during the year 1908 the defendant Franklin Lawrence brought an action in the district court of Salt Lake County, in which said Lawrence was plaintiff, and the plaintiff herein and others were defendants; that in order to obtain service by publication in said action said Lawrence caused to be made and filed an affidavit, in which it was alleged that the place of residence of the plaintiff herein was unknown, and that he was a nonresident of the State of Utah, and that the plaintiff in said action had a good cause of action against the plaintiff herein; that at the time said affidavit was made and filed the plaintiff herein was, and for a number of years prior thereto had been, a resident of Utah, and had continuously resided therein; that the statements in said affidavit with regard to plaintiff's residence were false, and that plaintiff's place of residence at said time was known, and that said Lawrence did not have a good cause of action against the plaintiff herein at the time said affidavit was filed, or at any time; that in the verified complaint filed in said action said Lawrence alleged that the plaintiff herein had no right, title, or interest in or to the real estate described in said complaint, which allegations were false, in that at said time the plaintiff herein was the owner thereof, and said Lawrence then knew that such was the fact, and said Lawrence caused said allegations to be made in said complaint "in order to cause the court to take jurisdiction of said action;" that because of the false affidavit aforesaid and the false statements contained in said complaint the district court aforesaid ordered service of summons in said action to be made by publication, and no summons therein, or notice of its pendency, was ever served upon the plaintiff herein, and he did not know that said action had been commenced, or that a judgment

had been entered therein, until December, 1911; that such proceedings were had in said action that on the 28th day of August, 1908, a decree was entered therein, in which it was pretended and declared that the plaintiff herein had no right, title, or interest in said real estate, and that said Lawrence was the owner thereof, which degree is a cloud upon plaintiff's title.

As against the other defendants, including the appellant, the plaintiff merely alleged in the complaint that each one claimed some right or interest in the property, the nature of which was unknown to the plaintiff; but he averred that their claims were illegal and without right.

The court made findings against all of the defendants who had filed answers in the action, and defaults were entered against those who had filed no answers, and judgment entered accordingly.

Upon the foregoing facts the court also found, as conclusions of law, that "the plaintiff is entitled to judgment declaring and adjudging that the judgment entered in the action" commenced by said Lawrence against the plaintiff herein "is void and of no force or effect as against the plaintiff herein, and that the plaintiff is the owner of the fee-simple title of the property described in the complaint," and that none of the defendants had any right, title, or interest in or to said property, or any part thereof. Judgment setting aside the judgment in the former action and quieting the title to said property in the plaintiff herein was accordingly entered, from which judgment the appellant alone appeals.

The first error argued in appellant's brief is that the court erred in overruling its demurrer. If it were conceded that the district court had violated some rule of pleading or procedure in overruling the demurrer, yet we cannot see how the appelant can complain of the court's action, since so far as the record discloses, the ruling whether right or wrong in no way affected any of its substantial rights. So far as appellant was concerned, the only allegations affecting it in the complaint were that it claimed some

right to or interest in the realty to which respondent sought to have the title quieted in himself; but it was also alleged that such claim was without right in law and wholly groundless. Upon these allegations respondent prayed that the appellant be required to set forth its claim, if any it had. This it refused to do, but demurred to the complaint, and by doing so admitted all of the material allegations contained therein. If the allegations therefore that appellant had neither right, title, nor interest were true (and it admitted they were true), how could it be interested in the question of whether or not "several causes of action had been improperly united?" But again conceding for argument's sake that, when abstractly considered, it was interested in having the rules of pleading followed, how could it be legally prejudiced by any ruling the court made, if made in a matter by which its right could not be materially affected by such ruling? So far as the record shows, appellant's rights were not only not affected, but, if what it admitted by its demurrer is true, and for the purposes of this decision it must be taken to be so, it could not possibly be injured in any substantial right, and hence it cannot be heard to complain. Moreover, appellant's assignment comes squarely within Compiled Laws 1907, section 3008, which provides:

"The court must in every stage of an action disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

If, by demurring to a complaint, the effect of the demurrer is to admit that the demurrant has no material interest whatever in the subject of the action, he cannot, on appeal, successfully assail the action of the court in overruling his demurrer, unless and until he goes a step further and shows that he was injuriously affected by the ruling.

But apart from what we have said so far, we think the court's ruling was right upon principle and under all of the authorities. In an action to quiet title to real estate, a plaintiff may assail a judgment, deed, or any     **2, 3**

other instrument affecting his title, for the reason that such judgment or instruments are void, upon the ground of fraud or for any other legal reason. The primary purpose of such an action is to destroy or cancel the *prima facie* or apparent effect of such judgment or instruments, and to quiet the title to the real estate which is apparently clouded or affected thereby. If a judgment is assailed in such an action, the action is a direct and not a collateral attack upon the judgment, and there is but a single cause of action. For cases directly in point upon the last question see: *Mosby v. Gisborn,* 17 Utah, 257-283, 54 Pac. 121; *Parsons v. Weis,* 144 Cal. 410, 77 Pac. 1007; *Dunlap v. Steere,* 92 Cal. 344, 28 Pac. 563, 16 L. R. A. 361, 27 Am. St. Rep. 143; *Bledsoe v. Price & Co.,* 132 Ala. 621, 32 South. 325; *McCampbell v. Durst,* 73 Tex. 419, 420, 11 S. W. 380. See, also, *Eichoff v. Eichoff,* 107 Cal. 42, 40 Pac. 24, 48 Am. St. Rep. 110, and Freeman on Judgments (3d Ed.) 485.

It is, however, further contended that the court erred because it refused to permit the appellant to interpose objecions to the introduction of some evidence produced by respondent at the trial. In this connection it is contended that, notwithstanding the fact that appellant had refused to file an answer, and was therefore in default for want of one, it nevertheless had a right to participate in the trial to a certain extent, and it cites several authorities which it claims sustain its contention. In this connection appellant again entirely overlooks the real status of the cause or controversy. It is true that in some actions of tort, or for unliquidated damages brought against a defendant, such defendant, although in default for want of an answer, may, nevertheless, to a limited extent, participate in the trial of the cause, so far as the damages sought to be recovered are concerned. The right to do so is well recognized. See 23 Cyc. pp. 753, 754. In view, therefore, that the right exists, there may be instances, if the right be denied, where a party may successfully invoke the aid of an appellate court on appeal. But this case is not such a case.

As we have seen, so far as the pleadings are concerned, appellant had no interest in the subject of the action whatever. At least by demurring it admitted that respondent's allegations in that respect were true. If, therefore, appellant had no interest in the subject of the action, it could not have been affected by any evidence that was offered by respondent to sustain his claim as against any other defendants in the action. Appellant thus had no legal right to interfere with either the court or respondent in conducting the case, and in view of the record the district court was clearly right in ruling that appellant had no right to interfere with the proceedings or to make any objections to the offer or introduction of any evidence produced by respondent.

For the reasons stated, therefore, the judgment is affirmed, with costs to respondent.

McCARTY, C. J., concurs.

STRAUP, J.

I fully concur in the affirmance of the judgment. The appellant, as averred and as found by the court, obtained a judgment against the respondent, quieting the title to and awarding to it the possession of the described real estate, on service by publication of summons obtained on an affidavit of willfully false averments that the respondent was a non-resident of the State. This action in equity was brought to set aside the judgment and to have adjudged that the respondent, and not the appellant, was the owner and entitled to the possession of the property. The appellant filed a general demurrer to the complaint for want of facts, and a special demurrer on the grounds of misjoinder of parties defendant and misjoinder of causes. The demurrers were overruled. For its failure to further plead, a default was entered against appellant.

I think the complaint stated a cause of action and sufficient facts to entitle the plaintiff to the demanded relief. Hence I think the general demurrer was properly overruled. Appellant contends there was a misjoinder of causes, because

the respondent by his complaint sought to have the judgment declared void and vacated which the appellant had obtained against him, and to have adjudged that he, and not the appellant, was the owner and entitled to the possession of the property. It further contends there was a misjoinder of parties defendant, because, according to the allegations of the complaint, the appellant alone was interested in the judgment against which the respondent sought relief, and as to the other fifteen defendants it was but alleged that they claimed and asserted an unfounded title or interest in and to the property, and demanded that such claims be set forth and adjudged groundless, and the title to the property quieted in the respondent as against all of the defendants. I think the contentions untenable, and therefore think the special demurrer was also properly overruled.

The plaintiff, to support his allegations of title, offered in evidence an abstract of title, which, under our statute, is good *prima facie* evidence. The appellant, notwithstanding the default entered against it, through its counsel, objected to the offer on the ground that the evidence was immaterial. When the respondent was called as a witness and was about to give testimony, appellant's counsel again objected "to the introduction of any testimony on the part of the plaintiff, for the reason that the same is irrelevant and immaterial, and that two or more causes of action are improperly joined." And when respondent, by his counsel, was asked if he was the owner of the property, appellant's counsel further objected on the ground that the testimony was immaterial, not the best evidence, and that the question propounded called for a conclusion. The court ruled that the default properly entered against the appellant, being an admission on its behalf of every material and traversable allegation of the complaint necessary to respondent's cause, precluded it from such participation in the proceedings as was attempted by it.

I think the ruling right. Furthermore, I think the objections groundless, had the appellant been in a position to interpose them. The only objection of plausible merit is the

last; the question propounded did not call for the best evidence, and called for a conclusion. But it was preliminary, and the respondent's ownership of the property was indisputably established by other evidence, which clearly was competent and proper. So this, though it should be regarded erroneous, was harmless.

The other objections were trivial. Neither the findings, nor the sufficiency of them to support the judgment, are assailed. I therefore think the judgment should be affirmed.