## DOYLE v. WEST TEMPLE TERRACE CO.

No. 2796.   Decided Sept. 17, 1915.   Rehearing denied Nov. 30, 1915.
(152 Pac. 1180.)

1. TRIAL—OCCUPYING CLAIMANT—ACTIONS FOR COMPENSATION—IN-
   STRUCTIONS. Where, in his petition seeking the value of im-
   provements made on realty while holding as occupying claim-
   ant under the right to compensation created by Comp. Laws
   1907, sections 2021-2028, defendant based his color of title solely
   on a vacated judgment and a tax deed, the court's charge, limit-
   ing defendant's claim thereto, and omitting a forged quitclaim
   deed, introduced on the issue of good faith only, was not erron-
   eous, since the court was not bound to enlarge on the defend-
   ant's claims as alleged.   (Page 241.)

2. TRIAL—INSTRUCTIONS—CONFORMITY TO EVIDENCE. Such instruc-
   tion was not bad for failure to include the quitclaim deed as
   evidence of color of title, for the further reason that such deed
   was admissible only on the issue of good faith.   (Page 241.)

3. IMPROVEMENTS—COMPENSATION—GROUNDS—OCCUPYING CLAIMANT.
   Under Comp. Laws 1907, sections 2021-2028, providing for recov-
   ery of the value of improvements made in good faith by the
   occupying claimant of realty, such claimant must show that he
   had color of title and made the improvements in good faith,
   and, where not made in good faith, the real owner on recovery
   of the land will not be compelled to pay for the improvements.
   (Page 245.)

4. IMPROVEMENTS—OCCUPYING CLAIMANT—ACTIONS FOR COMPENSA-
   TION—BAD FAITH. Upon being ousted by the owner, the occupy-
   ing claimant of realty, holding under a vacated judgment and
   tax deed void thereunder, could not recover for improvements

made on the realty in bad faith, on the ground that the true owner would thus reap where he had not sown, since the accretion in value was caused by claimant's wrong.　(Page 246.)

5. MECHANIC'S LIENS—OCCUPYING CLAIMANT—IMPROVEMENTS—BAD FAITH—LIEN AGAINST OWNER. Materialmen furnishing an occupying claimant of realty, material for improvements thereon, in the face of a recorded mortgage and where the occupant's claims to the property were procured by fraud, have no lien as against the true owner.　(Page 247.)

For first appeal see 43 Utah, 277.

Appeal from District Court, Third District; Hon. *Geo. G. Armstrong,* Judge.

Proceeding by the West Temple Terrace Company to determine its claim to improvements on realty as occupying claimant of real estate belonging to J. L. Doyle.

Judgment denying compensation.　The company appeals.

AFFIRMED.

*C. S. Patterson* for appellant.

*Allen T. Sanford* and *J. M. Thomas* for respondent.

## APPELLANT'S POINTS.

"That which has the semblance of title, but which in fact is not title, and is anything in writing, however defective or imperfect, purporting to convey title to land, and defines the extent of the claim." (*Swan* v. *Thayer,* 36 W. Va. 46.) "Any writing which purports to convey land, and describes the same, is color of title, though the writing is invalid, and conveys no title." (*Fugate* v. *Pierce,* 49 Mo. 441; *Hamilton* v. *Boggess,* 63 Mo. 233; *Hickman* v. *Link,* 97 Mo. 482; *Allen* v. *Mansfield,* 108 Mo. 343.) "Color of title may be defined to be a writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used —a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law." (*Beverly*

v. *Burke,* 9 Ga. 440; *Gittens* v. *Lowry,* 15 Ga. 336; *White* v. *Rowland,* 67 Ga. 556 [44 Am. Rep. 731].) A deed, regular on its face, but void because being forged constitutes color of title, provided it be accepted by the grantee without knowledge of the forgery. 1 Cyc. 1092; 1 Am. & Eng. Encl. Law 855; 2 Corpus Juris, p. 190, Sec. 367, and cases cited.)

## RESPONDENT'S POINTS.

The judgment in this action finds that the plaintiff is the owner of the property and that the defendants have no right, title or interest whatsoever in or to the property. Such judgment necessarily covers the improvements as well as the land, therefore in view of the fact that the judgment or decree in the main action covered every particle of interest in the real estate, and the building being real estate, the right of the defendant is adjudicated. The general practice is to set up in the main action some notice or claim that improvements have been made in good faith so that the decree may be drawn accordingly that the plaintiff is the owner of the real estate and that the question of the ownership of the improvements shall be adjudicated thereafter. (*Green Bay Lumber Co.* v. *Neland,* 77 Iowa 636, 44 N. W. 461; *Clark* v. *Brown,* 70 Ia. 139, 30 N. W. 46; *Buckly* v. *Early,* 72 Ia. 289, 33 N. W. 769; *Thompson* v. *Thompson,* 73 N. W. 943; *Thomas* v. *Evans,* 105 N. Y. 601, 59 Am. Rec. 519.) This practice, while it has not come squarely before this court for a decision, has been approved in this State as is shown by the following cases: *Bacon* v. *Thornton,* 16 Utah 138, 51 Pac. 153; *Ives* v. *Grange,* 42 Utah 608; 134 Pac. 619.) The plaintiff having peaceably entered into the possession of one of the apartments and before the occupying claimants' petition was filed thereby defendant lost its right to such apartment; for the right of an occupying claimant is possession and the loss of possession forfeits the right to make the claim. (*Lindt* v. *Uhlin,* 98 N. W. 214; *Lemerand* v. *Flindt,* 75 N. W. 762; *Malone* v. *Stretch,* 69 Mo. 25; *Leonard* v. *Railroad,* 79 N. W. 763; *Van Den Brooks* v. *Corren,* 12 N. W. 206; *Leighton* v. *Young,* 52 Fed. 439; 16 Ency. of Law, 2nd Ed. 103; *Morcer* v. *Justice,* 63

Kan. 225; *Webster* v. *Stewart,* 6 Iowa 401; *Clawson* v. *Rayborn,* 14 Iowa 136.)

FRICK, J.

This was a proceeding based on Comp. Laws 1907, sections 2021 to 2028, inclusive, to determine the alleged claim of the defendant as an occupying claimant of the improvements placed on a certain lot in Salt Lake City.

Briefly stated, the facts giving rise to this proceeding are as follows: Prior to 1904, and ever since, the record title to the premises in question was in the plaintiff. In 1904 one Harry Lawrence purchased the lot in question at a **1, 2** tax sale. He thereafter obtained a tax deed therefor. Harry Lawrence transferred his interest in the lot to one Franklin Lawrence, a nonresident of the State of Utah, and he later, in 1908, commenced an action in equity to quiet title to the lot in himself. In that action Lawrence obtained service by publication, and upon such service obtained a decree quieting the title in himself. The defendant succeeded to whatever interest said Lawrence had in the lot in question by transfer from said Lawrence. The plaintiff thereafter commenced this action in equity in the district court of Salt Lake county to set aside the decree obtained by Lawrence wherein the title was quieted in Lawrence, and in which action plaintiff also prayed that the title be quieted in him. That action was predicated upon fraud, which, it was alleged, had been committed by making and filing a false affidavit for the purpose of obtaining service by publication upon the plaintiff, Doyle, who then was a resident of the state of Utah. It was stated in the affidavit, however, that he was a nonresident of the state, and that his place of residence was unknown. The district court, upon a hearing, found that the former decree was obtained by fraud, and upon that ground set the same aside, and entered a judgment quieting the title to the lot in question in the plaintiff. The defendant appealed from that judgment to this court, where the judgment was affirmed. See *Doyle* v. *Terrace Co. et al.,* 43 Utah, 277, 135 Pac. 107. After the remittitur went down to the district

court the defendant filed its petition as provided by section 2021, *supra*. The defendant in its petition based its right as an occupying claimant exclusively upon the tax deed and the decree quieting title in said Lawrence, which decree had, however, been set aside, as before stated. The plaintiff joined issue upon the allegations contained in said petition, and a trial to the court and jury resulted in a verdict in favor of the plaintiff, upon which the court entered judgment, from which the defendant appeals. The errors assigned relate to some of the instructions given by the court.

The instructions excepted to are as follows:

"(6)   You are instructed that section 2024 of the Compiled Laws of this state defines color of title as follows, to wit: 'A purchaser in good faith at any judicial or tax sale, made by the proper person or officer, has color of title within the meaning of this chapter, (7) whether such officer or person has sufficient authority to sell or not, unless such want of authority was known to such purchaser at the time of the sale, and his rights shall pass to his assignees or representatives.' "

"(9)   The West Temple Terrace Company bases its claim under a color of title under a tax sale *and judgment quieting title in said Lawrence,* and that it made these improvements while in good faith believing said sale valid. You are instructed that one of the matters to be determined by you is the good faith of the officers and agents of that corporation, and the burden is upon said company to establish by a preponderance of the evidence that its officers and agents at the time they made the improvements, honestly believed that their company had a valid title to the lots, and if it shall fail to establish that at the time of making the improvements they so acted in good faith, or if you shall believe that the officers and agents of the West Temple Terrace Company at the time the improvements were being made knew or had such information that a reasonably prudent person acting upon it would have known that they did not own said property and the title had not passed from J. L. Doyle by said tax sale *or judgment,* then you should find the issues for the plaintiff."

Defendant's counsel excepted to instructions No. 6 in the following words:

"For the reason that said instruction limits color of title to the definition of the statute, to wit, 'a purchaser in good faith at tax sale.' "

Exception was also taken to that part of instruction No. 9 reading as follows:

" 'Or, if you shall believe that the officers and agents of the West Temple Terrace Company at the time the improvements were being made knew or had such information that a reasonably prudent person, acting upon it, would have known that they did not own said property and the title had not passed from J. L. Doyle by said tax sale, then you should find the issues for the plaintiff;' limiting their application to the passing of the title from said J. L. Doyle to the tax sale, and eliminating from consideration the quitclaim deed from J. L. Doyle, offered in evidence. That is all."

When instruction No. 9 was first read to the jury, the words in italics were omitted therefrom. Counsel then noted his exceptions as given above, and the court then amended the instruction by inserting the words in italics, and submitted the same to the jury as amended. No further exception was noted after the instruction was thus amended.

At the trial the defendant produced a quitclaim deed for the premises in question from one J. L. Doyle. It was conceded when the deed was produced, however, that the same was a forgery, but the court, nevertheless, admitted the same in evidence over the objection of plaintiffs' counsel. This is the deed referred to by counsel in defendant's exception to the instruction which we have quoted above.

Section 2021, *supra,* provides:

"Where an occupant of real estate has color of title thereto, and in good faith has made valuable improvements thereon, and is afterwards in a proper action found not to be the owner, no execution shall issue to put the plaintiff in possession of the same after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with."

The court in its charge defined color of title as the same is

defined in the statute. Upon the question of good' faith the court also charged the jury as follows:

"(7) You are instructed that in this action the West Temple Terrace Company claims that it in good faith erected the improvements on the premises herein referred to. The court has defined to you in its instructions what is meant by good faith, and in determining the good faith of the petitioner you should take into consideration all the facts and circumstances as shown by the evidence received herein which bear on the question of such good faith, and from these facts determine whether, at the time all the improvements were being made the defendant honestly believed it owned the property. You are further instructed that, if it did not in good faith honestly believe that it owned said real estate while said improvements were being made, then your verdict should be for the plaintiff."

In view of the foregoing charge, we hardly grasp the force of counsel's assignment of error in which he says that the court erred because it "eliminated from the consideration of the jury, the question of the good faith of the defendant based on the quitclaim deed from J. L. Doyle." As already stated, the defendant limited its claim in its petition to recover as an occupying claimant to the tax deed and to the judgment which had been set aside. It did not mention the quitclaim deed in its petition. The court, in stating defendant's allegations upon which it based its right to recover for the improvements as an occupying claimant, therefore limited its claims to those mentioned in its petition. We cannot see how that constituted error. The court certainly was not bound to enlarge upon defendant's claims in the charge to the jury. To state its claims as they were stated in the petition certainly was all the defendant could ask. That is what it received. Moreover, the forged quitclaim deed was offered by the defendant and admitted in evidence by the court merely as evidence of good faith. In the instruction to the jury upon that question, which we have set forth, the court specially directed them to consider all the evidence upon the question of good faith. The defendant might just as well contend now that, because the court did not specially men-

tion or refer to all of the particular things relied on by it as evidence of good faith, therefore all of the things not specifically mentioned or referred to were "eliminated," as counsel puts it, or were withdrawn from the jury. There is no merit to the contention. When the court admitted the forged quitclaim deed in evidence to be considered by the jury as evidence of good faith, the defendant certainly obtained all that it was entitled to. The mere fact, therefore, that the court did not specially mention the deed in its instructions in no way prejudiced the defendant. Indeed, more doubt would arise had the court singled out a particular item of evidence without mentioning the other evidence in connection therewith. The evidence is ample, however, to justify a finding that the defendant had not, "in good faith" placed the alleged improvements on the plaintiff's property as required by our statute. Nor did the defendant strengthen its case in producing the quitclaim deed in evidence in view of the evidence showing how that deed was obtained. Indeed, if the jury had hesitated to find lack of good faith before the deed was admitted and before hearing the evidence with regard to how it was obtained, they thereafter no longer had any reason for hesitation with regard to that question.

Under our statute an occupying claimant is required to establish two elements before he can recover for improvements placed on real property by him: (1) That he has color of title to the premises in question; and (2) 3 that he placed the improvements thereon in good faith. If he fails to establish either one, he cannot recover. *Lunquest* v. *Ten Eyck,* 40 Iowa 213. The statute of Iowa in those two particulars is precisely like our own. We think no disinterested person can read the evidence and not entertain at least a serious doubt respecting the defendant's good faith in placing the improvements on the plaintiff's premises. That in and of itself would be sufficient to defeat the defendant's right to recover, since the burden of proof rested upon it to show the existence of both of the elements we have referred to. When we say the defendant's good faith, we, as a matter of course, refer to its officers and agents for whose acts it must stand sponsor.

The defendant's second assignment of error covers practically the same ground as the one we have just discussed, and therefore needs no further, consideration.

Defendant's counsel, however, insist that in not being required to pay the defendant for the improvements the plaintiff is reaping where he has not sown. Under the circumstances, the defendant is in no position to invoke the conscience of a court of equity upon that phase of the case. According to the defendant's evidence, the improvements placed on the premises in question were of the value of approximately $7,000, and according to plaintiff's evidence, of the approximate value of $6,000. Now, the evidence is undisputed that there were liens filed against the premises by materialmen which remain unpaid, aggregating approximately the sum of $3,300. The defendant, therefore, only succeeded in incumbering plaintiff's property to that extent. It was also shown at the trial that the defendant received rents from the property amounting to the sum of $2,780. The jury were authorized to believe the evidence of plaintiff's witnesses upon the question of value, rather than those of the defendant, and if the jury did believe plaintiff's witnesses, the defendant is still $80 to the good. But supposing the jury should have found the value to be $6,500, that is, if it had split the difference between the witnesses of the respective parties, still the defendant suffered no great injury; and if the finding that the defendant did not act in good faith is considered, then, legally, it suffered no injury whatever. While it is true that those liens are now barred by our statute, it is equally true that the claims are also barred as against the defendant, and, even if that were not so, the evidence is conclusive that the defendant is insolvent, and hence nothing could be collected against it, even though judgments could be obtained for the unpaid material. Besides, it is manifest from the evidence that the defendant never intended to pay the lien claims, for the simple reason that, before purchasing any of the material for the improvement, a mortgage for $5,000 was placed on the premises, which the defendant alleged were worth only $800. That mortgage was given in favor of the parties interested in the defendant

corporation.   Then, to prevent any lien for material in favor of materialmen to take priority, the mortgage was placed of record before the defendant purchased any of the material, and in that way secured its own friends.   While it obtained the material without paying therefor, it perhaps paid for the labor, because it could not obtain it without paying; but that, as we have seen, was repaid by the rents it collected.

The record before us, therefore, presents a case where the jury could have found an entire lack of good faith in making the improvements.   They could have also found that every act of the defendant and its predecessors in interest, through whom it claims, clearly indicated that it, without any legal right, attempted to deprive the plaintiff of his property.   Its tax deed was void upon its face, which was well known.   In order to overcome that defect a decree quieting title in its predecessor was obtained by fraud.   Again, the jury could also have found that the defendant had received back all that it had advanced, and hence had lost nothing and could lose nothing.   Whatever view that may be taken, therefore, both the verdict and judgment are just so far as the defendant is concerned.   Whatever the plaintiff obtains for which he perhaps cannot legally be required to pay he obtains through defendant's wrong, and not through any fault of his.

We regret that we are powerless to protect the innocent lienholders, but they, too, must suffer the consequences of their own negligence in delivering material in the face of a recorded mortgage, and to one whose claims to the property were obtained by fraud.   True, the mortgage proved of no effect, but that is so because the plaintiff is the real owner of the property.

There is but one result permissible, and that is the affirmance of the judgment.   Such is the order; plaintiff to recover costs on appeal.

STRAUP, C. J., and McCARTY, J., concur.