REIMANN et ux. v. BAUM et ux.

No.. 7135.   Decided March 4, 1949.   (203 P. 2d 387.)

See 42 C. J. S., Improvements, sec. 6; 44 Am. Jur. 52. Occupying claimant acts and affirmative relief, note 137 A. L. R. 1078.

*Paul E. Reimann* and *Gordon Burt Affleck*, both of Salt Lake City, for appellants.

Rulon J. Larsen, of Duchesne, and Dean E. Terry, of Provo, for respondents.

HOGENSON, District Judge.

Plaintiffs brought this action in the court below to quiet title to three parcels of land located in Duchesne County, Utah. The judgment of the trial court was that the plaintiffs were record owners and entitled to a decree quieting title in them and were also entitled to recover $840.60 damages for the use of their lands. The judgment further provided that plaintiffs must repay to defendant Baum $652 for taxes he had paid on these lands plus the sum of $975 found by the court to be the reasonable value of permanent improvements made by defendant upon the lands. As a further condition the judgment provided that before the court would enter a formal decree plaintiffs must deposit with the clerk of the court the sum of $786.82 with interest from a given date. This sum was the balance due the defendant when the amounts awarded each of the parties were reconciled. Costs were denied both parties. Plaintiffs appeal from the judgment only insofar as it is adverse to them.

The judgment is at rest as to the defendant wife, and the term "defendant" in this opinion refers to Clarence Baum.

The three tracts of land are described:

Tract No. 1: N½, Sec. 24, T. 5 S., R. 8 W., Uintah Special Meridian.

Tract No. 2: N½, Sec. 20, T. 5 S., R. 7 W., Uintah Special Meridian.

Tract No. 3: SW¼ Sec. 31, and NW¼ of SE¼, Sec. 31, T. 5 S., R. 7 W., Uintah Special Meridian.

They are located with respect to each other as follows:

The plaintiffs assign as error the finding of the trial court that the defendant after entering into possession "erected permanent improvements upon said lands consisting of laying a pipeline and building water troughs, cribbing work at springs, and the erection of drift fences and other fences, of the aggregate value of $975.00" and the consequent judgment for said amount.

The action of an occupying claimant to recover the value of permanent improvements placed by him while in possession under color of title and in good faith upon the land of another sounds in equity. *Searl* v. *School District,* 133 U. S. 553, 10 S. Ct. 374, 33 L. Ed. 740. In equity

proceedings in this jurisdiction, this court reviews both law and facts. *Tanner* v. *Provo Reservoir Co.*, 90 Utah 139, 98 P. 2d 695. We review the record and pass on the weight and the sufficiency of the evidence. *Christenson* v. *Nielsen,* 88 Utah 336, 54 P. 2d 430, 432. We determine where lies the preponderance of the evidence but in doing so, we consider the better opportunity afforded the trial court to observe the demeanor of witnesses, to determine their credibility and the weight to be given to their testimony, and to observe any unrecordable material facts inherent in the trial of the case as disclosed by the record, such as, for example, a proper view of the premises by the trial judge. *Corey* v. *Roberts,* 82 Utah 445, 25 P. 2d 940, 942. See concurring opinion of Mr. Justice Wolfe, *Stanley* v. *Stanley,* 97 Utah 520, 527, 94 P. 2d 465, and Utah cases therein collected.

Tracts No. 1 and 2 lie a mile apart and Tract No. 3 is two miles distant from the others. The general area is mountainous grazing land traversed by canyons descending generally northerly and northeasterly ten to twelve miles to the Strawberry River. Defendant grazed the three tracts and also the surrounding lands, and particularly Section 19 and the S½ Sec. 24. The west fork of Sam's Canyon runs up-grade southwesterly through Section 19 and the S½ of Section 24 and touches Tract No. 1 at its southeast corner, the quarter section corner between the two sections. The defendant used this canyon as one route to bring livestock from the Strawberry River to this general area.

As to claimed improvements on Tract No. 1, the defendant testified that in 1938 he built a 120 foot surface pipeline from a spring to water troughs and that the reasonable cost of labor and materials was $700. He stated squarely on direct examination that they were built on the SE¼ of Section 24, (which is not part of the tract No. 1 here involved). On cross-examination, he said he couldn't swear whether the spring involved was located on Section 19 or Section 24, and the evidence is that the

pipeline to the troughs runs in a southeasterly direction. If the spring were located on Section 19, the pipeline and troughs would be farther into the same section and away from Tract No. 1; if the spring were in SE¼, Sec. 24, they would likewise extend farther away. The testimony is that they were built in the west fork of Sam's Canyon, and the record is clear that said fork does not traverse Tract No. 1, but at best touches the southeast corner thereof, and that the ascent from the bottom of the canyon onto the tract is steep and precipitous. Defendant said it was a steep climb to the spring, but on recross-examination flatly stated that the improvements were located in a draw on the east side of the canyon and not in a draw on the west side thereof. The east side of the canyon is clearly beyond the limits of the tract.

The evidence is not sufficient to support a finding that the claimed improvements were built on Tract No. 1.

As to Tract No. 2, the defendant testified that he constructed in 1939 at a reasonable cost in labor of $100 a crib in "Section 20," but nowhere in the record is it disclosed where on Section 20 this watering crib was placed or that it was even generally located on the N½ of Section 20 (Tract No. 2). Later on recross-examination when pressed to locate the spring which purportedly fed the crib, defendant stated there wasn't a crib on Section 20 and "never was."

The evidence is not sufficient upon which to base a finding that the defendant erected any crib improvement on Tract No. 2.

As to Tract No. 3, defendant testified that in 1939 he expended $204, the reasonable cost of labor and materials, to build a half mile fence "which joins on that part of Section 31 and runs up across the ridge on the forest reserve line." There is no word of testimony as to the location of the forest reserve line, but Exhibit H, admitted in evidence, shows the forest line to coincide with the south boundry line of the tract (the south section line) and extends easterly

and westerly for miles. The fence was built "to keep anything from drifting on or off the reserve." The defendant stated "part" of this fence was on the tract and part extended to the west thereof along the forest line. There is no evidence to show what "part" was built on the tract nor whether the ridge over which it was built was on or off the tract. Of the $204 expended, $100 was for labor, $56 for wire, and $48 for cedar posts at 30c each, but defendant admitted on cross-examination that he cut the posts from cedar trees in the vicinity.

With respect to all tracts, defendant testified that these improvements were "worthless to date" and that the improvements "wouldn't help" until each tract had been "fenced down and finished around each tract of land" because one had to trespass the surrounding lends to use the tracts here involved. It is plain from all the evidence, and particularly from the statement of the defendant, that the improvements were built for the use of the general area and that they were located without particular regard to the boundry lines of the three separate tracts here involved. There is no direct evidence that any of the claimed improvements existed at the time of the trial, not even any evidence as to their condition several years after construction, nor any evidence as to how much they increased the value of the lands, nor any evidence as to the relative values of the lands with and without improvements, other than the reasonable costs at time of construction.

There is not sufficient evidence upon which to base any finding as to the value of the "part" of the said improvement located upon Tract No. 3.

Also with respect to Tract No. 3, defendant testified he built in 1939 on "Section 31" in the bottom of Lake Canyon at a reasonable cost in labor of $100 a three-cornered crib, built of logs, covered with timber. Lake Canyon traverses Section 31 upgrade southwesterly and diagonally from the N. E. corner and leaves the section through the west section

line near the S. W. corner and, of course, traverses Tract No. 3, and extends above and below the section. The record fails to show any evidence locating this crib on the tract involved.

The evidence is not sufficient upon which to base a finding that said crib was located on Tract No. 3.

Also with respect to Tract No. 3, defendant testified that he built in July or August, 1943 (three years after this suit commenced) a fence, at a reasonable cost in labor and materials of $75, in the bottom of Lake Canyon on "Section 31" to keep livestock below "that part of the section." He stated that it was "not exactly on the line," but nothing in the record shows how it stood with respect to the boundry line of the tract. The defendant's whole explanation of good faith in building such fence after suit had commenced was that he thought the action had been abandoned. The case was commenced in May, 1940, and was at issue in December, 1940, when plaintiffs served and filed their reply which particularized on the defects in defendant's tax title. Plaintiffs did not bring the case to trial until June, 1944, but there is nothing in the record to show that the plaintiffs or anyone else indicated to the defendant by word or deed that the case was abandoned, nor was any attempt made by the defendant to bring the case to trial or have it dismissed for lack of prosecution, nor is there any evidence of any affirmative act on the part of the defendant to inquire or determine whether the case was abandoned. .

The evidence is not sufficient upon which to base a finding that the defendant acted in good faith in building said fence on Tract No. 3, if in fact he did.

The burden is upon the defendant, as occupying claimant, to prove by a preponderance of the evidence that while in possession under color of title and in good faith he effected improvements upon the lands of the plaintiffs, record title holders, and the extent to which said improve-

ments enhanced the reasonable market value of said lands. *Bacon* v. *Thornton,* 16 Utah 138, 141, 51 P. 153; *Sorenson* v. *Korsgaard,* 83 Utah 177, 183, 27 P. 2d 439; *Burton* v. *Hoover,* 93 Utah 498, 74 P. 2d 652; *Peterson* v. *Weber County,* 99 Utah 281, 103 P. 2d 652; *Day* v. *Jones,* 112 Utah 286, 187 P. 2d 181.

The occupying claimant cannot recover for improvements not on the land in issue. *Staub* v. *Sewanee Coal Co.,* 140 Tenn. 505, 205 S. W. 320, 322. Even if the record showed that the improvements were built on land adjacent to the land in issue and also that the record owner has title to both lands, the equities, if any, between the parties as to the adjoining tract are not in issue, and there is no showing of color of title and good faith on the part of the claimant as to the adjoining tract. If the record owner has no title to the adjoining land, but it appears that benefits are conferred upon his land by the improvements on the adjacent land, the record owner has no assurance of permanent benefits because he lacks the right to control and maintain the improvements on the adjacent tract.

Assuming that he has made out his cause of action otherwise, the occupying claimant's measure of recovery is the extent to which his improvements enhance the value of the land, or in other words, the difference between the reasonable relative values of the land with and without the improvements. *Crowell* v. *Seelbinder,* 185 Ark. 769, 49 S. W. 2d 389, 83 A. L. R. 788; *Elder* v. *Clarke,* 385 Ill. 335, 52 N. E. 2d 778; *Strunks Lane & Jellico Mountain Coal Co.* v. *Anderson,* 297 Ky. 578, 180 S. W. 2d 385; *Stewart* v. *Wheatley,* 182 Md. 455, 35 A. 2d 104; *Acker* v. *Weadel,* 236 Mich. 374, 210 N. W. 212; *Lepak* v. *Lepak,* 195 Minn. 24, 261 N. W. 484; *Rains* v. *Moulder,* 338 Mo. 275, 90 S. W. 2d 81; *Pritchard* v. *Williams,* 178 N. C. 444, 101 S. E. 85; *Brokaw* v. *Cottrell,* 114 Neb. 858, 211 N. W. 184; *Thomas* v. *Evans,* 105 N. Y. 601, 12 N. E. 571, 59 Am. Rep. 519; *Mercy* v. *Miller,* 25 Tenn. App. 621, 166 S. W. 2d 628;

*Bemrod* v. *Wright,* Tex. Civ. App. 273 S. W. 938; *Porter* v. *Shaffer,* 147 Va. 921, 133 S. E. 614; *Hardgrove* v. *Bowman,* 10 Wash. 2d 136, 116 P. 2d 336.

The reasonable cost of the improvements, alone, is not sufficient evidence of value, but such cost may be considered together with all other evidence of value in determining the increase in value of the land on account of the improvements. *Bacon* v. *Thornton,* supra; *Crowell* v. ▮ *Seelbinder,* supra; *Greer* v. *Vaughan,* 96 Ark. 524; 132 S. W. 456; *Patton* v. *Taylor,* 144 Ark. 254, 222 S. W. 49; *Thompson* v. *Illinois Cent. R. Co.,* 75 Ind. App. 410, 129 N. E. 55; *Combs* v. *Deaton,* 199 Ky. 477, 251 S. W. 638; *Pakulski* v. *Ludwiczewski,* 291 Mich. 502, 289 N. W. 231; *Rzeppa* v. *Seymour,* 230 Mich. 439, 203 N. W. 62; *Lepak* v. *Lepak,* supra; *Brokaw* v. *Cottrell,* supra; *Bemrod* v. *Wright,* supra; *Gregory* v. *Peabody,* 153 Wash. 99, 279 P. 102; *Haymond* v. *Camden,* 48 W. Va. 463, 37 S. E. 642. The Utah occupying claimants statute has inherent in its provisions a recognition of this equitable rule of compensation, wherein it provides that the claimant's complaint must allege the value of the real estate without the improvements and the value of the improvements, and that on the trial the value of the land without such improvements and the value with and of such improvements must be separately ascertained and that in the event neither the record owner nor the claimant, in that order, within the reasonable time allowed by the court, exercises the right to pay off the value of the interest of the other and take the property, then the parties will be held to be tenants in common of all of the real estate, including the improvements, each holding an interest proportionate to the values ascertained on the trial. Secs. 78-6-2 and 3, U. C. A. 1943. As pointed out in *Searl* v. *School District,* supra, such statutes ameliorate the strict common law rule that the record owner is entitled to the improvements placed by another upon his property and are based upon the equitable doctrine of unjust enrichment, which entitles the bona fide claimant, who acted while in possession under

color of title, to recover the value of his improvements to the extent that they unjustly enrich the record owner by enhancing the value of his land. To rule that the claimant may recover costs of construction, disassociated from land value and not limited to the extent of enhancement of land value, which cost could well exceed such enhancement, would cast a burden upon the record owner greater than the equitable requirement that he do equity by paying for unjust enrichment.

Measured by the foregoing rules and the findings of this court, our conclusion is that the defendant is not entitled to recover anything for his claimed improvements, and the judgment below is in error wherein it decreed that the defendant recover $975 on this issue.

Plaintiffs also assign as error the allowance by the trial court of interest on amounts paid by defendant to clear the taxes on the lands. The parties stipulated the amounts with interest to be $652.42. The allowance of interest was proper. *Burton* v. *Hoover,* supra. But 12, 13 plaintiffs contend interest should not be allowed on taxes when the court refused interest on rental values. The findings specifically recite that rentals "with interest" aggregated $840.60, and judgment for plaintiffs was entered accordingly, from which part of the divisible judgment plaintiffs do not appeal, and this court is precluded from reviewing the record to determine if error in fact or in law was committed on the issue of interest on rentals. *Rosenthyne* v. *Matthews-McCullough,* 51 Utah 38, 168 P. 957. Plaintiffs insist that interest on taxes was improperly allowed because of the failure of the defendant to pay or offer to pay rentals for his use of the land. The parties were in serious conflict on the issue of liability for use of the lands and the extent of damages in this respect, and there is no support in reason to rule that a claimant, never having admitted liability or agreed to pay rentals, must pay or offer to pay beforehand what the trial court later determines to be the reasonable value of the use of the land in order

that the claimant may have standing in equity to recover interest on the taxes he has paid on th land. *Burton* v. *Hoover,* supra.

Plaintiffs further assign as error the denial of their costs. As prevailing parties, they are entitled to their costs and disbursements, as ruled in *American Mut. Bldg. & Loan Co.* v. *Jones,* 102 Utah 318, 117 P. 2d 293.

Defendant cross-assigns as error the allowance of $840.-60 for the use of plaintiffs' lands as well as the denial of his costs. Defendant's failure to cross-appeal from the judgment of the lower court regarding these two matters, renders our consideration of them unnecessary.

Defendant finally complains that the trial court erred in striking evidence of the defendant with respect to improvements, but the cross-assignment is not argued in the briefs and is deemed waived.

The judgment is modified by striking therefrom the allowance of $975 to the defendant for improvements, the plaintiffs to have judgment on that issue, no cause of action. The denial of costs to the plaintiffs is stricken, the plaintiffs to have judgment for their costs and disbursements. In lieu of the provision requiring plaintiffs to deposit sums in court for the defendant, which is stricken, plaintiffs are granted judgment against the defendant for the difference between $840.60 allowed plaintiffs as rentals and the $652.-42 allowed defendant as tax payments. The judgment is otherwise affirmed.

This cause is remanded to the trial court with instructions to enter judgment in accordance with this opinion.

Plaintiffs are awarded costs on appeal.

PRATT, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.

McDONOUGH, J., having disqualified himself, did not participate herein.