## ERICKSON v. STOKES.

No. 7679.   Decided November 26, 1951.   (237 P. 2d 1012.)

See 42 C. J. S., Improvements, sec. 14. Right to compensation for improvements affected by notice of superior title. 27 Am. Jur., Improvements, secs. 13-18; 104 A. L. R. 577.

*Backman, Backman & Clark,* Salt Lake City, for appellant.

*Horace J. Knowlton,* Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff sued to recover the value of improvements he placed on property under our "occupying claimant" statute. The trial court concluded that the improvements were not made in good faith; and awarded plaintiff only the amount expended by him for real property taxes, plus interest. Plaintiff appeals.

He challenges the trial court's judgment urging: (1) That the court erred in its determination that the improvements were not made in good faith; and (2) That the defendant is estopped by laches from asserting lack of good faith on the part of the plaintiff.

The occupying claimant statute relied on by plaintiff, Chapter 6, Title 78, U. C. A. 1943, Section 1, provides that

"Where an occupant of real estate has color of title thereto, and in good faith has made valuable improvements thereon, and is afterwards in a proper action found not to be the owner, no execution shall issue * * * until the provisions of this chapter have been complied with."

Succeeding sections set up the procedure for recovering the value of such improvements.

In 1942, the plaintiff, Erickson, purchased the property in question from Salt Lake County after it had been sold to the County for taxes. He then sued to quiet title against a person named as *E. F.* Stokes and procured a judgment in that action on August 8, 1944. Thereafter, the present defendant, *E. F.* Stokes, moved to set aside the decree and reopen the case, setting forth in an affidavit that she had a substantial interest in the property and a good defense to the action. Her application to intervene was denied. Shortly thereafter, on May 18, 1945, she filed a suit against Erickson to quiet title; Erickson filed his answer and counterclaim in July, 1945. This case was not tried until the latter part of 1948; the judgment was for said E. F. Stokes, it having been shown that the tax proceedings through which Erickson claimed were defective.

After the filing of this action and during its pendency, from 1945 until November, 1948, the plaintiff proceeded to construct the improvements on the property which consist of a machine shop made by remodeling an army barrack's building, and a house of similar construction which is only partially completed. These buildings, together with certain graveling and grading done on the premises, constitute the improvements the value of which plaintiffs sues for. Most of the improvements were made late in 1947 or early in 1948, after the lawsuit had been pending for more than two years. Further than this, it appears that the main part of this construction work took place after Stokes had filed a demand for trial in January, 1948.

The conveyance to plaintiff from the County was sufficient to give him color of title as required by the statute. *Peterson* v. *Weber County,* 99 Utah 281, 103 P. 2d 652. Even so, the burden was upon the plaintiff to prove by a preponderance of the evidence that he acted in good faith in placing the improvements on the prop-

erty. *Reimann* v. *Baum*, 115 Utah 147, 1949, 203 P. 2d 387; *Doyle* v. *West Temple Terrace Company*, 47 Utah 238, 152 P. 1180, 1182. In the latter case, referring to the question of good faith, this Court approved an instruction as follows:

"* * * in determining the good faith of the petitioner you should take into consideration all the facts and circumstances as shown by the evidence received herein which bear on the question of such good faith, and from these facts determine whether, at the time all the improvements were being made the defendant honestly believed it owned the property. * * *"

See also *Day* v. *Jones*, 112 Utah 286, 187 P. 2d 181.

It was the prerogative of the trial court to make that determination from all the circumstances shown by the evidence. There can be no doubt that in this case plaintiff E. F. Erickson knew of the adverse claim by defendant E. F. Stokes, dating back to the time of the filing of the suit by Mrs. Stokes, and even before that, stemming from the affidavit previously discussed which was filed in the first suit. It is true that no further action on the part of Mrs. Stokes was taken by way of having the matter finally adjudicated, until the improvements, for which recovery is sought, were started, but at that time the fact of a suit pending was again called to Erickson's attention by Mrs. Stokers' attorney, a lis pendens was filed, and demand for trial made.

In contending that he placed the improvements on the property in good faith, plaintiff argues that because the suit remained pending for three years without Mrs. Stokes calling it up for trial, he thought she had abandoned it, and further that this conduct amounted to laches on her part which now bars her from asserting lack of good faith against the plaintiff Erickson. This argument is a bit strange in view of the fact that plaintiff had the same right and opportunity to control the litigation as did Mrs. Stokes. He could have called the case up for trial, or moved to dismiss for lack of prosecution at any time during the period. The answer to plaintiff's argument both as to laches and

as to good faith is to be found in the recent case of *Reimann* v. *Baum,* supra [115 Utah 147, 203 P. 2d 391], wherein this court said:

"* * * The defendant's whole explanation of good faith in building such fence after suit had commenced was that he thought the action had been abandoned. The case was commenced in May, 1940, and was at issue in December, 1940, when plaintiffs served and filed their reply which particularized on the defects in defendant's tax title. Plaintiffs did not bring the case to trial until June, 1944, but there is nothing in the record to show that the plaintiffs or anyone else indicated to the defendant by word or deed that the case was abandoned, nor was any attempt made by the defendant to bring the case to trial or have it dismissed for lack of prosecution, nor is there any evidence of any affirmative act on the part of the defendant to inquire or determine whether the case was abandoned."

The facts of the instant case justify the determination made by the trial court that plaintiff did not place the improvements on the property in good faith and that defendant was not barred by laches from so contending.

Judgment affirmed. Costs to respondent.

WOLFE, C. J., and WADE, McDONOUGH and HENRIOD, JJ., concur.