UTE-CAL LAND DEVELOPMENT CORPORATION, Plaintiff and Respondent,

v.

Robert R. SATHER and Bonnie Lee Sather, Defendants and Appellants.

No. 17625.

Supreme Court of Utah.

April 7, 1982.

Cullen Y. Christensen of Christensen, Taylor & Moody, Provo, for defendants and appellants.

Robert M. McRae of McRae & DeLand, Vernal, for plaintiff and respondent.

HALL, Chief Justice:

Plaintiffs brought this action to determine the ownership of certain real property known as the "Moss Ranch." Defendants counterclaimed, seeking to quiet title in themselves or, in the alternative, to recover the value of improvements made by them as occupying claimants.

Defendant Robert Sather guaranteed plaintiff's note executed in favor of First Security Bank. By the terms of their guaranty agreement, Sather was to receive a warranty deed to the Moss Ranch in the event of plaintiff's default on the note, and upon Sather's repayment of the loan. In March, 1974, Sather paid off the note, obtained the deed from the bank, and took possession of the ranch. Plaintiff tendered no sums by way of reimbursement of the sum paid to the bank. Defendants continued to occupy the premises and paid the real property taxes assessed thereon for the years 1973 through 1977, also without tender of reimbursement from plaintiff. Beginning in 1975, and until the inception of this lawsuit in January, 1976, defendants made substantial improvements to the ranch.

The case proceeded to trial in 1978. Only the issue of ownership was litigated at that time, the occupying claimant issue raised by defendants' counterclaim having been reserved for a subsequent proceeding. The jury concluded that Sather was guilty of willful and malicious conduct in obtaining the deed and taking possession of the ranch. Accordingly, the trial judge directed the defendants to surrender possession of the ranch to plaintiff. On appeal, that judgment was affirmed by this Court.[1]

In May, 1980, plaintiff sought dismissal of defendants' counterclaim on the grounds that the jury's findings of willful and malicious conduct on the part of the defendants in obtaining the deed and taking possession of the ranch precluded them from thereafter asserting "good faith" in making improvements to the premises. Defendant Robert Sather responded by affidavit asserting that the improvements in question were made with the knowledge and implied consent of plaintiff, without its objection, and that the improvements were made in the belief that the defendants were the owners of the ranch. Plaintiff filed no counter-affidavits. Thereupon, the trial court dismissed defendants' counterclaim, determining that they lacked standing as occupying claimants by reason of their initial bad faith in acquiring the ranch. Hence, this appeal.

Defendants concede that color of title and good faith are conditions precedent to the equitable remedy they seek as occupying claimants.[2] However, notwithstanding their bad faith in obtaining the deed and in taking possession of the ranch, defendants assert that they are entitled to a further factual determination of their good faith as of the time they made the improvements. Specifically, they contend that the improvements were made in the belief that plaintiff did not assert ownership to the ranch because it did not make any effort to reimburse them, and that at the time defendants made the improvements, they believed that they were in fact the owners of the ranch. The issue thus presented is

1. *Ute-Cal Development Corp. v. Sather*, Utah, 605 P.2d 1240 (1980).

2. U.C.A., 1953, 57–6–1, *et seq.; Reimann v. Baum*, 115 Utah 147, 203 P.2d 387 (1949).

whether, as a matter of law, defendants' initial bad faith in acquiring the ranch deprives them of subsequent standing as occupying claimants. We hold that it does.

Defendants cite no authority in support of their "reconstituted good faith" theory and, indeed, there appears to be none. However, the case of *Doyle v. West Temple Terrace Co.*[3] is closely analogous on its facts. In that case, this Court affirmed the judgment of the trial court which ousted an occupying claimant holding realty pursuant to a tax deed and a subsequent quiet title judgment predicated on fraud. Similarly, the occupying claimant thereafter sought to recover the value of improvements placed on the realty. The trial court denied recovery, citing as the basis therefor the claimant's bad faith in acquiring title. On appeal,[4] this Court affirmed, concluding that under the circumstances, the claimant was in no position to invoke the conscience of a court of equity.

The good faith of an occupying claimant must be premised upon a reasonable and honest belief of ownership and must be wholly free of a design to defraud the true owner.[5] As was stated in *Erickson v. Stokes,*[6] the question of good faith depends on whether "at the time all the improvements were being made the defendant honestly believed it owned the property."

In the instant case, defendants' conduct does not comport with recognized standards of good faith. As in *Doyle, supra,* defendants' deliberate attempt to unlawfully deprive plaintiff of its ranch demonstrates that good faith was wholly lacking. It necessarily follows that defendants' contention of good faith, acquired at the time they made the improvements, could not have been grounded upon an honest belief that they owned the ranch. Rather, it could only have been grounded on the false premise that they were entitled to the fruits of their misdeeds in the absence of a challenge thereto.

We conclude that upon the undisputed facts of this case, it was appropriate to grant summary relief in favor of plaintiff.[7] We further conclude that the trial court accurately stated the principles of law that are dispositive of this appeal in its memorandum decision which reads in pertinent part as follows:

... It is the finding of the court that defendants had no title because of their willful and malicious conduct and their claim that they acted in "good faith" is without merit inasmuch as said "fruit" is from a "poisoned tree." ...

Affirmed. Costs to plaintiff.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

**3.** 43 Utah 277, 135 P. 103 (1913).

**4.** *Doyle v. West Temple Terrace Co.,* 47 Utah 238, 152 P. 1180 (1915).

**5.** 41 Am.Jur.2d, Improvements, Section 17.

**6.** 120 Utah 653, 237 P.2d 1012 (1951), citing *Doyle v. West Valley Terrace Co., supra,* footnote 4.

**7.** Rule 56, Utah Rules of Civil Procedure.