152 P.3d 2

**Vilarr RANSOM, as Trustee of the Vilarr B. Ransom Revocable Trust, Plaintiff–Respondent,**

v.

**TOPAZ MARKETING, L.P., and Dennis Lower, Defendants–Appellants.**

**Farr West Investments, Plaintiff– Respondent,**

v.

**Topaz Marketing, L.P., and Mr. and Mrs. Dennis Lower, Defendants– Appellants.**

No. 32146.

Supreme Court of Idaho, Pocatello, October 2006 Term.

Dec. 22, 2006.

Rehearing Denied Feb. 26, 2007.

Kenneth E. Lyon Jr., Pocatello, for appellants.

F. Randall Kline, Chtd., Pocatello, for respondent. F. Randall Kline argued.

TROUT, Justice.

Topaz Marketing, L.P. and its owner/officer/agent, Dennis Lower (collectively Lower), appeal from a district court's decision finding it guilty of trespass and in breach of a duty as the non-exclusive owner of an easement.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Two lawsuits against Topaz Marketing and Dennis Lower were combined for purposes of

the district court trial: *Vilarr Ransom, as Trustee of the Vilarr B. Ransom Revocable Trust* (Ransom) *v. Topaz and Dennis Lower* (Ransom suit) *and Farr West v. Topaz and Dennis Lower*. The Ransom suit was resolved through mediation; consequently, the only remaining case on appeal is *Farr West v. Topaz and Lower*.

Lower originally bought 120 acres of property lying east of property owned by Ransom and Farr West, and then later bought an additional 80 acres in 2000. Lower's land is accessed by a road easement crossing Farr West's property. Farr West's predecessors in interest, Ransom, granted the right-of-way easement to several grantees in 1977, including Mahlon Rupp. The easement consisted of a "dug way" or seasonal dirt road utilized for non-commercial use for nearly 24 years. In 2000, Rupp conveyed his interest in the easement to Lower, which subsequently attempted to purchase additional land from Farr West. When Farr West rejected the offer, Lower had the property surveyed and concluded that the right-of-way easement did not match the legal description in the document from Rupp. In 2001, over Farr West's objections, Lower began to change the easement and cut a new road, which everyone agrees, does conform to the legal description contained in the 1977 easement agreement.[1]

While it's not clear from the parties' briefing on appeal or the record, it appears that problems arose when, in creating the road, Lower pushed dirt onto other property owned by Farr West and made cuts onto Farr West's property, which had nothing to do with the creation or maintenance of the road itself. Additionally, during construction, Lower blocked off areas where water had traditionally crossed Farr West's property, altering the natural flow of the water runoff causing sink holes and sloughs. At some point, Lower also took out a fence bordering the property between Ransom and Farr West. These parties then filed lawsuits against Lower for trespass and damages. Specifically, in Farr West's complaint, it requested that title to the property be quieted in Farr West and that damages for trespass

be awarded; there was no allegation about Lower's right to an easement. After making several trips to view the premises and listening to several days of testimony, the district court concluded there was a trespass, including continuing trespass, onto Farr West's property and that Farr West was entitled to a $42,685 judgment for the cost to repair the damage done in constructing the easement and the attendant trespass. The district judge also awarded nominal damages in the amount of $25 per day based upon what the judge called a "continuing tort," which amounted to $35,350. Additionally, the judge awarded attorney's fees to Farr West pursuant to Idaho Code section 6–202. Finally, the court ordered that a fence be erected on the boundary line between the Ransom and Farr West property and defined the proper use of the easement. Lower now appeals from that decision.

## II.

### STANDARD OF REVIEW

A district court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Camp v. East Fork Ditch Company, Ltd.*, 137 Idaho 850, 55 P.3d 304 (2002); *Bramwell v. South Rigby Canal Co.*, 136 Idaho 648, 39 P.3d 588 (2001); Idaho Rules of Civil Procedure 52(a). When deciding whether findings of fact are clearly erroneous, this Court does not substitute its view of the facts for that of the trial court. *Bramwell, supra.* It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses. *Rowley v. Fuhrman*, 133 Idaho 105, 982 P.2d 940 (1999). On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence. *Id.* Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Bramwell, supra.*

The awarding of attorney's fees and costs is within the discretion of the trial court and subject to review for an abuse of discre-

---

1. The basis for Farr West's objections is unclear as Farr West never contests the validity of the 1977 deed or Lower's right to have access over an easement.

tion. *See Burns v. Baldwin*, 138 Idaho 480, 486, 65 P.3d 502, 508 (2003); *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 374, 973 P.2d 142, 145 (1999); *O'Boskey v. First Fed. Sav. & Loan Ass'n of Boise*, 112 Idaho 1002, 1008, 739 P.2d 301, 307 (1987). However, whether a statute awarding attorney's fees applies to a given set of facts is a question of law. *Kidd Island Bay Water Users Coop. Ass'n, Inc. v. Miller*, 136 Idaho 571, 573, 38 P.3d 609, 611 (2001). The standard of review for questions of law is one of free review. *Electrical Wholesale Supply Co., Inc. v. Nielson*, 136 Idaho 814, 825, 41 P.3d 242, 253 (2001).

## III.

## DISCUSSION

### A. Measure of damages for trespass

At oral argument the parties agreed that Lower had the right to enter the property and create a graveled road over Farr West's property, conforming to the legal description of the right-of-way easement. The problems between the parties result from damage allegedly done in excess of that reasonably necessary in building the road. An affirmative easement, according to the Restatement of Property § 451, at 2912 (1944), "entitles the owner thereof to use the land subject to the easement by doing acts which, were it not for the easement, he would not be privileged to do." The comments to § 451 explain that the easement allows the owner to intrude upon land in many ways which, "were it not for the easement, would make him a trespasser upon the land." This Court has also recognized that ownership of an easement is a valid defense to trespass. *See Deer Creek, Inc. v. Hibbard*, 94 Idaho 533, 493 P.2d 392 (1972).

It is not clear from the district judge's decision on what he was basing the award of damages; he simply made reference to trespass in various locations and then awarded a significant amount for repair costs. While the district court acknowledged Lower's right to maintain and improve the right-of-

way easement, it also stated that "[Lower] also had a duty not to do so at the Plaintiff's expense by damaging or creating an additional burden on the Plaintiff's property." It is not clear that the court differentiated between damages attributable to the lawful creation of an easement and excessive or wrongful damage to the property. There was no dispute over the validity of the 1977 deed or Lower's right to change the easement to conform to the legal description therein. Thus, Lower had the right to encroach or trespass onto Farr West's land, since an easement is, in essence, permission to encroach or trespass onto another's property. *See Deer Creek, Inc. v. Hibbard*, 94 Idaho 533, 493 P.2d 392 (1972); Restatement of Property § 451, at 2912 (1944). In its findings on trespass, the district court stated:

> Contrary to the Defendant's arguments he did trespass onto the Plaintiff's property and the effects of that conduct can also be classified as a continuing trespass. The facts show that the Defendant intentionally and without the Plaintiff's consent, entered onto the Plaintiff's property with heavy construction equipment, that the Defendant placed and removed soil from the Plaintiff's property, and that the Defendant altered and made several critical changes to the Plaintiff's property.

It is not a trespass for Lower to go on the Farr West property to construct a road over the easement, nor does it require Farr West's consent. When a road easement is developed, the land may be modified: trees may be cleared, gravel may be laid, and fences may be built. The question becomes, what damage was the natural effect of creating the easement and what damage was excessive, unnecessary and compensable under the law. Here, the district court did not address this distinction when awarding damages.

The district court also failed to identify and distinguish between permanent and temporary damages.[2] If land is permanently injured, but not totally destroyed, the

2. In its calculation of damages, the district court relied on a bid from Biggs Enterprises that estimated the cost to repair the property at $42,685.00; however, it is unclear whether the bid was simply for the cost to repair temporary damage or the cost to repair damages of an ongoing nature (although the bid can be read to include both).

owner is entitled to the difference between the fair market value before and after the injury. *Nampa & Meridian Irrigation Dist. v. Mussell,* 139 Idaho 28, 33, 72 P.3d 868, 873 (2003). However, if the land is only temporarily injured, the owner is entitled to recover the amount necessary to put the land in the condition it was immediately preceding the injury. *Id.* In regard to temporary injury to property, "if the cost of restoration exceeds the value of the premises in their original condition, or in the diminution in market value, the latter are the limits of recovery." *Id.* citing *Alesko v. Union Pac. R. Co.,* 62 Idaho 235, 109 P.2d 874 (1941). However, as the Court in *Mussell* indicated, because the goal of compensatory damages is reimbursement of the actual loss suffered, the rule precluding recovery in excess of the diminution in value is not of "invariable application." *Nampa & Meridian Irrigation Dist.,* 139 Idaho at 33–34, 72 P.3d at 873–74. It's apparent that in this case, there are damages that are temporary and others that appear to be continuous in nature, or "permanent." For example, the district court refers to harm caused from water erosion that has "rendered the property unsuitable for its natural use," implying permanent damage, yet the court never labels it as such. Additionally, the court failed to determine the fair market value of the land. While there is some indication in the record that the property damaged was about ten acres in size and was valued at approximately $3,800 per acre (making the court's damage award in excess of the property's total value), the judge made no determination about how much property was actually damaged or what the value of the property was, making it impossible to tell whether an award for temporary damages wrongly exceeded the diminution in value of the property. Therefore, the case must be remanded back to the district court for further findings of fact. On remand, the district court should distinguish between damages caused by Lower's permissible trespass to build the road, for which Farr West is not entitled to compensation, and damages caused by impermissible trespass, for which Farr West is owed the cost to repair the property. Further, the court should identify and distinguish between temporary and permanent damages. If the district court awards temporary damages to Farr West and believes that an award of damages in excess of value is appropriate, it should articulate a justification for such an award. *Nampa & Meridian Irrigation Dist.,* 139 Idaho at 33–34, 72 P.3d at 873–74. As to permanent damages, if any are found, the district court must determine the fair market value before and after the injury in order to properly compensate Farr West.

## B. Award of nominal damages

Nominal damages generally refers to a "trifling sum" awarded to "demonstrate, symbolically, that the plaintiff's person or property has been violated." *Myers v. Workmen's Auto Insurance Company,* 140 Idaho 495, 508, 95 P.3d 977, 990 (2004) citing C. McCORMICK, THE LAW OF DAMAGES, § 20 (1935). The district court awarded the sum of $25 a day beginning from August 1, 2001, the day the trespass began, until the date of the court's decision, for an award totaling $35,350. That amount is not, by any reasonable analysis, a nominal amount. Further, nominal damages are only appropriate when there are no actual damages or actual damages are so small as to be incalculable and, therefore, the court will enter a nominal award simply to indicate a recognition that some damage was done, although not a significant amount.

In its findings, the district court stated:

> Evidence presented at the hearings and a walk of the property affected by the Defendant revealed that in addition to the water damage, the Defendant also damaged several trees on the Plaintiff's property. Furthermore, the road constructed by the Defendant does in fact encroach in several places on to the Plaintiff's property. The damage to the trees and the *continuing trespass are acts that merit some relief.*

These are in fact the damages discussed in Section A above for which compensation should be awarded under the trespass theory. Instead, the district court deemed these to be damages for "continuing trespass" for

which there had been no actual damage amount proven and, therefore, the court created its own remedy of nominal damages. The district court did not state how the $25 per day award bears any relationship to what it believed to be additional uncompensated damages, nor is it clear why those damages were not properly included in the actual damage award. Suffice it to say, these are not mere "nominal damages."

Further, based upon the district court's comments that the award was also "based on the fact that this trespass was particularly egregious", it appears that the trial court may have been attempting to award punitive damages, even though they were not requested by the Plaintiff. Based on the foregoing, the district court's award of nominal damages is reversed.

## C. Limits on the easement.

■ In its decision, the district court found that the easement was intended for private use and should be limited "to the private use of the owner of the easement and not for any public or commercial use." In its complaint, however, Farr West requested only damages for trespass and a decree quieting title in Farr West, free and clear from any claim by Lower. Nothing in Farr West's complaint relates to the easement or prays for relief that the district court should decree that an easement exists or setting its parameters. As a part of the cause of action for trespass, the district court could appropriately consider whether there was an easement and could consider whether the work done by Lower exceeded the scope of work necessary to maintaining that easement. Going beyond that, however, and decreeing its proper use was not before the court and the district court erred in making any findings or conclusions about the nature of the easement.

## D. Attorney's fees pursuant to Idaho Code section 6–202.

■ In its complaint, Farr West demanded that it be awarded damages, including treble damages, costs and attorney's fees pursuant to I.C. § 6–202. That provision governs actions for trespass and reads in pertinent part:

Any person who, without permission of the owner, . . . enters upon the real property of another person which property is posted with "No Trespassing" signs . . . or otherwise injures any tree or timber on the land of another person . . . is liable to the owner of such land . . . for treble the amount of damages which may be assessed therefor or fifty dollars ($50.00), plus a reasonable attorney's fee which shall be taxed as costs . . . .

I.C. § 6–202. As explained by the district court, Farr West was unable to collect treble damages for trespass under the statute because Farr West failed to post "No Trespassing" signs on its property and failed to prove any damages for lost timber. Nevertheless, the district court awarded attorney's fees based upon the statute. There is no independent claim for attorney's fees if the plain language of the statute does not so indicate. *Barbee v. Barbee*, 143 Idaho 391, 146 P.3d 657 (2006). In *Barbee*, this Court held that the plain language of I.C. § 30–1446, did not support a suit solely for attorney's fees filed after an arbitration award assigning damages was fully paid. In support of its decision, this Court referred to the language of the statute, which stated that a claimant is entitled to sue for consideration paid, *"together with* interest, costs and fees." The plain language of I.C. § 6–202 also indicates that attorney's fees may be awarded *in addition to* any amounts awarded for damages ("plus a reasonable attorney's fee"). Because the district court determined that Lower did not violate the statute, the court's award of attorney's fees was in error and is reversed.

## E. Order regarding new fence

■ In the Ransom suit, settled through mediation, Lower and Ransom agreed that a section of fence, which had been previously removed and relocated by Lower, would be rebuilt at its historical location. While it's not clear from the record, it appears that had not been accomplished as of the time of the trial in this case. That fence line was not an issue raised by Farr West. Moreover, the district judge acknowledged that it was not an issue before him, telling the parties that he would not settle the dispute over the fence

line. Nevertheless, in the district court's memorandum opinion in this case, the court ordered Lower to erect a fence on the proper boundary line between the Ransom and Farr West property. Because that was not an issue before the court in this case, the district court erred in directing Lower to erect a new fence.

### F. Attorney's fees on appeal

██ Both parties have requested attorney fees on appeal based on I.C. § 12–121. Attorney's fees may be awarded to the prevailing party pursuant to this section if this Court finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. *Hutchinson v. State of Idaho,* 134 Idaho 18, 22, 995 P.2d 363, 367 (2000); I.R.C.P. 54(e)(1). Because this case is reversed in part, vacated in part and remanded, there is no basis for finding that the appeal was frivolous or unreasonable and, therefore, attorney's fees are not awarded to either party.

### IV.

### CONCLUSION

The district court improperly measured actual damages for Lower's trespass, as it failed to distinguish between damages attributable to Lower's permissible trespass to create or maintain an access road and damages attributable to excessive intrusion exceeding the scope of the easement. There has also been no distinction between costs to repair temporary damage and an award of damages for permanent damage to the property. The district court's award of nominal damages and attorney's fees, together with the order limiting the terms of the easement and ordering Lower to build a fence are reversed. This case is *remanded for further* proceedings consistent with this opinion. Given the mixed result, no costs or fees are awarded to the parties on appeal.

Chief Justice SCHROEDER, and Justices EISMANN, BURDICK and JONES concur.

