IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 31658

JOHN N. BACH,                                    )
                                                 )
    Plaintiff-Respondent,                        )
                                                 )
v.                                               )
                                                 )
KATHERINE   D.   MILLER   aka                    )
KATHERINE M. MILLER dba R.E.M.,                  )
                                                 )
    Defendant-Appellant,                         )
                                                 )
and                                              )    **Boise, March 2007 Term**
                                                 )
ALVA HARRIS, individually & dba SCONA,           )    **2007 Opinion No. 57**
INC.,  JACK  LEE  MC  LEAN,  BOB                  )
FITZGERALD,    individually    and    dba        )    **Filed:  March 29, 2007**
CACHE  RANCH,  OLE  OLSON,  BOB                   )
BAGLEY & MAE BAGLEY, husband and                 )    **Stephen W. Kenyon, Clerk**
wife, BLAKE LYLE, individually and dba           )
GRAND TOWING,   GALEN WOELK and                  )
CODY RUNYAN, individually & dba                  )
RUNYAN   &   WOELK,   ANN-TOY                     )
BROUGHTON, WAYNE DAWSON, MARK                     )
LIPONIS,   EARL   HAMBLIN,   STAN                 )
NICKELL, BRET HILL & DEENA R. HILL,              )
and DOES 1 through 30, inclusive,                )
                                                 )
    Defendants.                                  )
_____

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County.  Honorable Richard T. St. Clair, District Judge.

District court order awarding restitution, <u>reversed.</u>  Case <u>remanded.</u>

Runyan and Woelk, P.C., Driggs, and Aron & Hennig, LLP, Laramie, Wyoming, for appellant.  Galen Woelk argued.

John N. Bach, Driggs, pro se respondent argued.

_____

BURDICK, Justice

    Respondent John N. Bach and Appellant Katherine M. Miller both sought to quiet title to the same property.  After the district court quieted title in Miller, Bach sought restitution for

1

improvements he had placed on the property. The district court ordered Miller to pay Bach restitution pursuant to I.C. § 6-414. Miller appeals the award of restitution. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2002 Bach filed suit against Miller and several other defendants. Bach sought, among other things, to quiet title to four tracts of real property in Teton County, Idaho. This property had been purchased using Miller's funds, but some tracts were titled in the name of a fictitious company. In March 2003 Miller answered Bach's complaint and filed counter and cross claims. She also sought to quiet title to the real property and asked the court to impose a resulting trust based on Bach's alleged fraud and breach of fiduciary duties.

In June 2003 a jury trial was held, and the jury returned a verdict in favor of Miller; it awarded her damages on her fraud and breach of fiduciary duty claims. The district court then concluded that Miller could elect to receive quiet title in lieu of the jury's verdict for damages. Miller elected to quiet title, and in October 2003 the district court entered a partial judgment quieting title in Miller. The district court also enjoined Bach from claiming any right, title or interest in these parcels, except as to any improvements he had installed in good faith.

In December 2003 the district court held a court trial to determine the value of improvements Bach installed in good faith. The district court then found that Bach was entitled to $23,650.00—the reasonable value of the improvements he installed in good faith on the property. The court also determined that Miller could apply for a writ of assistance to remove Bach from the property after she had paid the restitution or posted a bond for 136% of that amount. Miller then posted a bond and timely appealed.

## II. ANALYSIS

Miller raises a single issue on appeal: whether the district court erred by awarding Bach restitution. Bach, however, does not directly respond to this issue. Instead, he attacks the district court's jurisdiction and raises many other issues in his brief. We will turn first to the issues raised in Bach's brief before addressing the question presented by Miller's appeal.

### A. The trial court had jurisdiction.

Bach contends that the district court lacked jurisdiction to consider Miller's claims against him. It is unclear from his brief whether he argues the district court lacked personal jurisdiction or subject matter jurisdiction. Questions of jurisdiction must be addressed prior to reaching the merits of an appeal. *H & V Eng'g, Inc. v. Idaho State Bd. of Prof'l Eng'rs & Land*

2

*Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987). Jurisdiction is a question of law, *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995), over which we exercise free review, *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998). We will address each type of jurisdiction.

The district court had both personal jurisdiction over the parties and subject matter jurisdiction over the claims they presented. First, as the plaintiff in the action below, Bach consented to the personal jurisdiction of the district court. *Hutchinson v. State*, 134 Idaho 18, 21, 995 P.2d 363, 366 (Ct. App. 1999). Likewise, Miller consented to the trial court's jurisdiction when she filed her answer, counterclaims and cross claims. Second, the district court also had subject matter jurisdiction over the claims presented by the parties. Subject matter jurisdiction is the power to determine cases over a general type or class of dispute. *Boughton v. Price*, 70 Idaho 243, 249, 215 P.2d 286, 289 (1950). Article V, § 20 of the Idaho Constitution provides that the district court shall have original jurisdiction to hear all cases, both at law and in equity. Thus, the district court had the subject matter jurisdiction to determine the claims presented by the parties. We hold, therefore, that the district court had both personal jurisdiction over Bach and Miller and subject matter jurisdiction over their claims.

**B. This Court will not consider the remaining issues raised in Bach's brief.**

Bach spends the majority of his brief and time at oral argument arguing issues that are not properly before this Court, and that this Court cannot and will not consider at this time. For instance, he argues that we should review actions taken in other appeals, also arising from the case below, filed by both Bach and other parties. Bach also contends that Miller did not raise any valid claims before the trial court, that her claims were barred by the statute of limitations, that she was not entitled to an equitable remedy, that the trial court ignored all of his defenses, and that the jury was improperly impaneled.

The issues Bach argues in his brief and during his time before this Court are not properly before us at this time. First, as to the orders entered in other appeals, Bach has or had the opportunity to request a review of any orders by filing the proper motions in those cases. He has not done so. Second, as to his claims specific to Miller's or the trial court's actions below, Bach has failed to properly place those issues before this Court in this appeal. Bach did not file a cross-appeal within the time limits allowed by our rules; as such his claims are barred. *See* I.A.R. 14.

3

Nonetheless, Bach is insistent that this Court consider all the issues he discusses in his brief, "despite any Idaho Appellate Rules, providing to the contrary" in order to "eliminate the prejudice and injustices already perpetrated and inflicted upon him, both by appellant, her counsel, and the trial court itself." We decline to accept this invitation.

We cannot determine the issues Bach discusses in his brief based on the record before us in this appeal. Miller, the only party to properly bring issues before this Court, requested only a limited record. In addition to failing to file a cross-appeal, Bach failed to request an additional clerk's record pursuant to I.A.R. 19 or to augment the record pursuant to I.A.R. 30. Therefore, the record in this matter is settled (and sufficient to decide the issue Miller presents). On appeal, the party challenging the decision below has the burden of showing error in the record. *See Murray v. Spalding*, 141 Idaho 99, 101, 106 P.3d 425, 427 (2005). The Court "will not presume error from a silent record or from the lack of a record." *Gibson v. Ada County*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003) (citing *Brooks v. Brooks*, 119 Idaho 275, 280, 805 P.2d 481, 486 (Ct. App. 1990) (internal quotations omitted). Normally, under this rule if a party fails to meet this burden on appeal, the Court would affirm the decision below.

As noted *supra*, however, some of the issues Bach argues in his briefs have been raised in other pending appeals.[1] If we were to decide the numerous issues he raises without the participation of the adverse parties it would prejudice those parties; additionally, we cannot decide those issues against Bach at this juncture without prejudicing him. Instead, the Court will determine the issues properly raised in other appeals when fully briefed by all parties involved in those appeals. Bach will not be prejudiced by allowing the adverse parties to participate, and the issues he raises may properly be decided when those appeals come before this Court. Therefore, we refuse to reach the numerous issues improperly raised in Bach's brief.

## C. The district court erred by awarding Bach restitution.

Miller limits her arguments on appeal to one legal issue: whether Bach is entitled to restitution under Idaho's betterment statutes. Miller argues that the district court improperly granted Bach restitution for the improvements to the land. Since Bach committed fraud, Miller reasons, he cannot have placed the improvements on the property in good faith pursuant to Idaho's betterment statues, I.C. §§ 6-414, 6-417. To interpret otherwise, Miller maintains, is an

---

[1] We do not decide here whether those issues have been properly raised in the various other appeals, nor do we comment on the identity of the parties before the Court in those appeals.

error of law.  Additionally, Miller argues that the district court erred when it determined that the betterment statutes require actual notice before an occupier is barred from seeking restitution.  To accept this conclusion, she asserts, would imply that bad faith occupiers of land may benefit from their fraudulent conduct until the true owner initiates a legal challenge.

We turn first to whether the fraud on Bach's part precludes him from obtaining restitution.  The interpretation of a statute is a question of law over which this Court exercises free review.  *Carrier v. Lake Pend Oreille Sch. Dist. # 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006).  Idaho Code § 6-414 provides:

> Where an occupant of real estate has color of title thereto, and in good faith has made valuable improvements thereon, and is afterwards in a proper action found not to be the owner, no execution shall issue to put the owner in possession of the same after the filing of an action as hereinafter provided, until the provisions of this act have been complied with;  provided said occupant may elect, after filing of the action, to exercise his right to remove such improvements if it can be done without injury otherwise to such real estate.

Under I.C. § 6-414 an improver can recover if he can meet both prongs of a two-part test.  *See Fouser v. Paige*, 101 Idaho 294, 297, 612 P.2d 137, 140 (1980) (citing *Smith v. Long*, 76 Idaho 265, 281 P.2d 483 (1955)).  First, the improvements must have been made under color of title, and second, they must have been made in good faith.  *See id*.  Miller does not dispute that Bach occupied the land under color of title; she only argues that he did not make the improvements in good faith.  Therefore, we will address only whether an occupant who has committed fraud can have made improvements in good faith for the purposes of I.C. § 6-414.

Idaho has never defined good faith for purposes of our betterment statutes.  *Fouser*, 101 Idaho at 297, 612 P.2d at 140.  In *Fouser*, however, this Court noted that other jurisdictions use definitions that "emphasize the improver's good faith belief in his own title and the absence of any notice that another may be challenging his claim."  *Id*.  The Court then looked only to the facts of that case as they applied to the notice portion of this definition, *id*, leaving open the question of what constitutes a good faith belief in title.  The Court also left open the question of whether constructive notice negated the good faith requirement of I.C. § 6-414.  *Id*.

Looking first at the good faith element, other jurisdictions have held that a misdeed in acquiring color of title automatically negates the good faith of the improver.  For instance, in *Ute-Cal Land Development Corporation v. Sather*, the Supreme Court of Utah held: "The good faith of an occupying claimant must be premised upon a reasonable and honest belief of

5

ownership and must be wholly free of a design to defraud the true owner." 645 P.2d 665, 667 (Utah 1982). That court noted that the defendants' "deliberate attempt to unlawfully deprive plaintiff of its ranch demonstrates that good faith was wholly lacking." *Id.* Additionally, no improvements that defendants made could be premised on an honest belief that they owned the ranch; instead, the defendants' contentions "could only have been grounded on the false premise that they were entitled to the fruits of their misdeeds in the absence of a challenge thereto." *Id*.

Likewise, in New York "[w]here a wrongdoer, deliberately, possesses himself of the property of another, repudiating his obligations, and this is the finding of fact, if he sees fit to expend large sums of money in permanent improvements on another man's land, he forfeits the money so expended." *Warner v. Warner*, 199 A.D. 159, 166 (N.Y. App. Div. 1921). Indeed, "[a] wrongdoer, with knowledge of his wrongdoing and of the rights of the true owner has no claim to permanent improvements placed upon the property unlawfully in his possession." *Id*. Moreover, such a result has been the case since before the introduction of the betterment statutes in Idaho. *Cf. Smith v. Long*, 76 Idaho 265, 277, 281 P.2d 483, 491-92 (1955) (noting that occupiers who make improvements in good faith would be entitled to compensation).

Here, the jury found that Bach had defrauded Miller. Such a "deliberate attempt to unlawfully deprive" Miller of the property cannot constitute good faith. *See Ute-Cal Land Dev. Corp.,* 645 P.2d 665, 667 (Utah 1982). We hold that Bach did not have a good faith belief in his title and cannot be awarded restitution pursuant to Idaho's betterment statutes. As such, it is not necessary to reach the second part of the analysis, and we leave open the question of whether actual or constructive notice of the true owner's claim is required under our betterment statutes.

### III. CONCLUSION

First, the district court had jurisdiction over Miller's claims. Second, we refrain from reaching any of the remaining issues raised in Bach's brief or at oral argument, as they are not properly before us. Finally, we determine that the wrongdoing on Bach's part in relation to the acquisition of the property negates his claim for restitution under the good faith element of I.C. § 6-414. The judgment awarding Bach restitution is reversed and the case remanded for the entry of a judgment in accordance with this opinion. Costs to Appellant.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES, **CONCUR.**

6