201 P.3d 1282

Reed TAYLOR, Dallan Taylor, and R. John Taylor, Plaintiffs–Counterdefendants–Respondents, Cross–Appellants,

v.

Thomas MAILE, IV and Colleen Maile, husband and wife, Thomas Maile Real Estate Company, and Berkshire Investments, LLC, Defendants–Counterclaimants–Appellants–Cross–Respondents.

Theodore L. Johnson Revocable Trust, Plaintiff–Counterdefendant–Respondent–Cross–Appellant,

v.

Thomas Maile IV and Colleen Maile, husband and wife, and Berkshire Investments, LLC, Defendants–Counterclaimants–Appellants–Cross Respondents.

No. 33781.

Supreme Court of Idaho, Boise, November 2008 Term.

Jan. 30, 2009.

Dennis M. Charney, Eagle and Law Offices of Thomas G. Maile, Eagle, for appellants. Dennis M. Charney argued.

Clark & Feeney, Lewiston, for respondents. Connie Wright Taylor argued.

BURDICK, Justice.

This case concerns an appeal by Thomas Maile IV, Colleen Maile, Thomas Maile Real Estate Company, and Berkshire Investments, LLC (collectively the Mailes) from a district court order granting summary judgment to Reed Taylor, Dallan Taylor, and L. John Taylor (collectively the Taylors). The Taylors cross-appeal the district court's order denying their request for attorney fees. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case has been the subject of a previous appeal. In *Taylor v. Maile*, this Court summarized the facts underlying the lawsuit as follows:

Thomas G. Maile, IV, is licensed in Idaho as both an attorney and a real estate broker. He provided legal representation to [Theodore L.] Johnson for many years, including advising him on the creation and administration of the [Theodore L. Johnson Revocable] Trust. The Trust owned approximately forty acres of property near Eagle, Idaho. In May of 2002 a third party offered to buy the forty acres for approximately $400,000. Mr. Maile advised Mr. Johnson to reject this offer, and he did in fact reject it. Two months later, on July 22, Thomas and Colleen Maile submitted an earnest money agreement to purchase the property from the Trust on terms and for a price similar to the rejected offer. Mr. Johnson accepted the offer and executed the agreement on behalf of the Trust on July 25.

Mr. Johnson died before the sale transaction could be closed. Approximately a week after Mr. Johnson's death, the successor trustees, Beth Rogers and Andrew Rogers, closed the sale. The Mailes had formed Berkshire Investments, LLC, and assigned their contract rights to that entity, with the approval of Beth Rogers. The Rogers executed the warranty deed conveying the 40 acres to Berkshire over the objections of the Taylors, who are residual beneficiaries of the Trust. The record does not disclose whether the Rogers conducted any inquiry regarding the circumstances of the sale or the basis for the Taylors' objections, or whether the purchase price was at or near fair market value. The Rogers were not only co-trustees of the Trust, but also beneficiaries of the Trust. . . . The Trust took a deed of trust on the property to secure payment of the bulk of the purchase price. Berkshire paid the balance of the purchase price and obtained a release of the trust deed in January of 2004.

142 Idaho 253, 255, 127 P.3d 156, 158 (2005) (*Taylor I* ).

On January 23, 2004, the Taylors (as beneficiaries) filed a complaint against the Mailes, alleging breach of fiduciary duty and professional negligence against Mr. Maile in his capacity as both realtor/broker and attorney. The Taylors also sought damages and/or rescission of the land sale. The Mailes moved to dismiss the complaint, and the district court granted their motion based on the Taylors' lack of standing. The Taylors appealed the dismissal, leading to this Court's decision in *Taylor I* affirming the dismissal of the breach of fiduciary duty claims, but reversing and remanding the dismissal of the professional negligence claim.

While the first appeal to this Court was pending, the beneficiaries of the Trust executed the Disclaimer, Release, and Indemnity Agreement (Disclaimer) in June 2004. In the Disclaimer, the beneficiaries, other than the Taylors, disclaimed any interest in the lawsuit against the Mailes. In addition, the Taylors disclaimed their interest in all other Trust property in favor of their mother, the beneficiaries agreed to an immediate distribution to beneficiaries, the Rogers resigned as trustees, the named successor trustee declined to serve as trustee, and the beneficiaries nominated and appointed the Taylors as trustees.

In December 2005, this Court issued its opinion in *Taylor I*. In response, on March 9, 2006, the district court allowed the Taylors to amend their complaint to comply with the *Taylor I* decision. Two months later, the district court granted the Taylors' motion for summary judgment on the remaining professional negligence claim. On June 7, 2006, the court entered judgment on that claim, quieting title to the Linder Road property in the Trust and dismissing the Mailes' counterclaims and defenses. On July 21, 2006, the court amended the judgment to clarify that the property is in a constructive trust, that Berkshire is entitled to repayment of the purchase price, and that the Mailes' counterclaim for unjust enrichment was the only remaining issue. That same day, the court also entered a decision denying the Mailes'

motion for rule 54(b) certification and found the land sale contract void.

In October 2006, the district court held a bench trial on the single remaining issue of unjust enrichment. After hearing two days of evidence, it denied the Mailes' claim for unjust enrichment, finding that the money the Mailes had expended on developing the property did not increase the value of the property. The Mailes then moved for reconsideration and sought prejudgment interest on the monies paid to the Trust. The district court denied this motion on April 4, 2007. The district court also denied the Taylors' request for attorney fees. Both parties appeal from the district court's judgments.

## II. ANALYSIS

The Mailes assert that the district court lacked jurisdiction over the Taylors' claims because the Taylors lacked standing and because their claims were moot. The Mailes also contend that the district court erred in granting the Taylors' motion for summary judgment as to the remaining negligence claim. In addition, the Mailes argue that the district court erred by denying their motion for an award of prejudgment interest. On cross-appeal, the Taylors assert that the district court erred by denying their motion for attorney fees.

### A. The Taylors had standing to pursue their claims.

The Mailes argue that the district court lacked jurisdiction because the Disclaimer divested the Taylors of standing to pursue their claims and made the issue moot. We disagree.

■■■ We exercise free review over questions of jurisdiction, and such questions must be addressed prior to reaching the merits of an appeal. *Bach v. Miller*, 144 Idaho 142, 144–45, 158 P.3d 305, 307–08 (2007). "Standing is a preliminary question to be determined by this Court before reaching the merits of the case." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated."

*Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). To satisfy the requirement of standing, "litigants generally must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Id.*

■■■ The Taylors argue their standing was established by *Taylor I*, making it the "law of the case," and that the Disclaimer did nothing to alter the decision. The "law of the case" doctrine provides that when "the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal." *Suitts v. First Sec. Bank of Idaho, N.A.*, 110 Idaho 15, 21, 713 P.2d 1374, 1380 (1985) (quoting *Fiscus v. Beartooth Elec. Coop., Inc.*, 180 Mont. 434, 435, 591 P.2d 196, 197 (1979)). The "law of the case" doctrine also prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal. *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 762, 992 P.2d 751, 757 (1999).

In *Taylor I*, this Court determined that the Taylors had standing to pursue their claims as real parties in interest. 142 Idaho 253, 257–58, 127 P.3d 156, 160–61 (2005). Initially, the district court dismissed the Taylors' complaint pursuant to I.R.C.P. 17(a). On appeal, this Court determined that the Taylors were real parties in interest, as required by this rule, because they would be entitled to the benefits of the action if it were successful. *Id.* at 258, 127 P.3d at 161. Additionally, the Court determined that the Taylors could proceed with their negligence claim against the Mailes "for aiding the trustees in disposing of trust property in violation of their fiduciary responsibilities and receiving the property with knowledge of the same." *Id.* at 261, 127 P.3d at 164. We found the cause of action could be maintained against the trustees and/or the Mailes, and if the trustees refused to act, the Taylors could seek a constructive trust against the Mailes. *Id.* Therefore, under the "law of the case"

doctrine, both the issue of whether the Taylors were real parties in interest and whether they could maintain an action against the Mailes without joining the trustees were before this Court. Thus, the principles articulated in *Taylor I* were necessary to the Court's decision.

Nonetheless, the Mailes assert that the procedural posture of the prior appeal—coming to the Court from an I.R.C.P. 12(b)(6) motion—and the Taylors' execution of the Disclaimer after the district court granted their motion to dismiss make the "law of the case" doctrine inapplicable. The Mailes are correct that the Disclaimer could not have been raised in the prior appeal. The Disclaimer was executed by various beneficiaries in June 2004, which was after the district court granted the motion to dismiss that predicated the first appeal in *Taylor I*. As such, the Disclaimer was not part of the record during the first appeal and the Mailes' argument that the Taylors now lack standing because of this document could not have been raised during the course of *Taylor I*. We should thus reexamine the Taylors' standing.

▪ Although the Taylors executed the Disclaimer with the trustees, it does not divest them of standing. The Mailes argue that the Taylors, as beneficiaries, were required to pursue their action against the trustees. However, in deciding *Taylor I*, this Court announced the principle that beneficiaries could maintain a cause of action against the trustee, a third party, or both where the third party receives trust property with knowledge that the transfer is in violation of the trustee's fiduciary duty. *Id.* at 260–61, 127 P.3d at 163–64. While this Court was unable to consider the Disclaimer during *Taylor I*, the principles announced in that decision are still the law of Idaho. Therefore, we hold that the Taylors had standing to maintain suit against the Mailes and were not required to join the Rogers.

▪ Next, the Mailes argue that the Disclaimer made the suit moot because it worked to terminate the purpose of the Trust and to disburse all assets to the beneficiaries. "An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). Mootness applies when an appellant lacks a legal interest in the outcome. *State v. Hoyle*, 140 Idaho 679, 682, 99 P.3d 1069, 1072 (2004). Mootness also applies when a favorable judicial decision would not result in any relief. *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004).

▪ In the Disclaimer, the Taylors specifically reserved their ownership interest in the lawsuit against the Mailes. Therefore, they have a legal interest in the outcome of the case and a favorable decision will result in relief in the form of title to the Linder Road property. Moreover, under Idaho law, a chose in action is an asset. *See Blake v. Blake*, 69 Idaho 214, 219, 205 P.2d 495, 498 (1949). Here, the current action is an asset that remained in the Trust, so the Disclaimer did not work to terminate the Trust. Thus, the Taylors' lawsuit is not moot and they have standing to pursue this claim against the Mailes.

## B. Summary judgment was proper.

The Mailes next contend that the district court erred in granting summary judgment to the Taylors on the remaining claim of negligence. They assert that Beth Rogers was not acting under a conflict of interest, but even if she were, she acted reasonably and prudently. They also maintain that Johnson, as the original trustee, acted reasonably and prudently in his decision to sell the property to the Mailes, and the Rogers acted reasonably in carrying out his decision.

▪ When reviewing a ruling on a summary judgment motion, this Court applies the same standard used by the district court. *Cristo Viene Pentecostal Church v. Paz*, 144 Idaho 304, 307, 160 P.3d 743, 746 (2007). "Summary judgment is appropriate if the pleadings, affidavits, and discovery documents on file with the court, read in a light most favorable to the nonmoving party, demonstrate no material issue of fact such that the moving party is entitled to judgment as a matter of law." *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988); *see also*

I.R.C.P. 56(c). "In making this determination, all allegations of fact in the record, and all reasonable inferences from the record are construed in the light most favorable to the party opposing the motion." *City of Kellogg v. Mission Mountain Interests Ltd.*, 135 Idaho 239, 243, 16 P.3d 915, 919 (2000). If no genuine issue as to any material fact exists, "then all that remains is a question of law over which this Court exercises free review." *Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 175, 923 P.2d 416, 420 (1996).

In its order granting summary judgment to the Taylors, the district court noted that following *Taylor I* only a single cause of action remained—whether the Mailes had aided the trustees in breaching their fiduciary duty by receiving the property with knowledge that the sale was not approved by the court under I.C. § 68–108(b). It then held that, as a matter of law, Beth Rogers had a conflict of interest because she was both a trustee and a beneficiary. The lower court also found that a trustee's power to close a land sale was subject to judicial oversight pursuant to I.C. § 68–108(b) and *Taylor I*. Since the sale of the Linder Road property was not approved by a court, the trial court found the contract for the sale of the property was void. Finally, the district court found that the Mailes had actual knowledge that Beth Rogers needed to receive court approval prior to closing the sale.

■ The Supreme Court exercises free review over issues of statutory interpretation. *Big Sky Paramedics, LLC v. Sagle Fire Dist.*, 140 Idaho 435, 436, 95 P.3d 53, 54 (2004). The Mailes argue that the Idaho Code provides a "reasonable prudence exception" to the requirement of court authorization under I.C. § 68–108(b). However, to accept the Mailes' argument it would be necessary for court authorization under I.C. § 68–108 to be the normal *modus operandi* and "reasonable prudence" under I.C. § 68–106 to be an exception. Instead, under the Uniform Trustees' Powers Act, as adopted in Idaho Code Title 68, a trustee needs only to act with reasonable prudence in most situations and court authorization is the exception. Idaho Code § 68–106(a) provides:

From time of creation of the trust until final distribution of the assets of the trust, a trustee has the power to perform, without court authorization, every act which a prudent man would perform for the purposes of the trust including but not limited to the powers specified in subsection (c).

Thus, under normal circumstances, a trustee can exercise her powers as trustee without court authorization if such actions are reasonable and prudent.

Nonetheless, Idaho Code § 68–108(b) sets out limits on this power and provides, in pertinent part:

If the duty of the trustee and his individual interest or his interest as trustee of another trust, conflict in the exercise of a trust power, the power may be exercised only by court authorization, except as provided in sections 68–106(c)(1), (4), (6), (18), and (24) upon petition of the trustee.

■ Consequently, the plain, unambiguous language of the Uniform Trustees' Powers Act provides that even if a trustee's actions are reasonable and prudent, if a conflict of interest exists, the court must authorize the action before the trustee can exercise that power. This includes the power to close a real estate sale under I.C. § 68–106(c)(7). *Taylor I,* 142 Idaho 253, 259, 127 P.3d 156, 162 ("Where a trustee has an individual interest in the trust that poses a conflict in the exercise of a trust power, such as the power to close a sale of real property, 'the power may be exercised only by court authorization . . . .' " (citing I.C. § 68–108(b))).

■ Here, there are no issues of material fact that precluded summary judgment. Beth Rogers did not seek court approval before closing the sale of the Linder Road property. It is also uncontroverted that she had a conflict of interest because of her role as both trustee to the Trust and beneficiary under the Trust. As a trustee, she owed the beneficiaries a duty of loyalty. *Taylor I,* 142 Idaho at 260, 127 P.3d at 163 (quoting *Edwards v. Edwards*, 122 Idaho 963, 969, 842 P.2d 299, 305 (Ct.App.1992)). As a direct beneficiary, Rogers was entitled to an immediate distribution of the monies paid by the Mailes. However, the income and residual

beneficiaries had an interest in seeing that the value of the property held in the trust increased. *See Taylor I*, 142 Idaho at 259, 127 P.3d at 162 (noting that the Mailes' briefing on appeal indicated various classes of beneficiaries with different interests). As such, it was necessary for Beth Rogers to receive court approval before closing the sale.

Moreover, it is also uncontroverted that the Mailes had knowledge of this conflict of interest. Thomas Maile, acting as Theodore Johnson's attorney, drafted the Trust that created the various classes of beneficiaries and named Beth Rogers as a successor trustee. *See Id.* at 259, 127 P.3d at 162. Therefore, we affirm the district court's grant of summary judgment.

## C. Prejudgment interest was properly denied.

The Mailes also argue that the district court erred by not awarding prejudgment interest on all the money paid to the Trust from September 2002 until January 2004. They contend that pursuant to I.C. § 28–22–104(1), (2), (4), and (5), they are entitled to an award of prejudgment interest. The Taylors maintain that the Mailes are not entitled to prejudgment interest under equitable principles or pursuant to I.C. § 28–22–104. In its order denying the Mailes' claim for prejudgment interest, the district court stated:

[The Mailes] are not entitled under I.C. § 28–22–104 ... to an award of prejudgment interest. The $400,000 does not constitute money due by express contract, or money after the same becomes due, or money lent, or money due on the settlement of mutual accounts from the date the balance is ascertained, or money due upon open accounts after three months from the date of the last item.... Nor did the [Taylors] retain the money without the express or implied consent of the [Mailes]. The Court finds that the [Mailes] are not entitled to pre-judgment interest under § 28–22–104.

▪ This Court reviews the award or denial of prejudgment interest for an abuse of discretion. *Dillon v. Montgomery*, 138 Idaho 614, 617, 67 P.3d 93, 96 (2003). A

three factor test is used to prove an abuse of discretion: "(1) whether the district court correctly perceived the issue as one of discretion; (2) whether the district court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the district court reached its decision by an exercise of reason." *Id.* Idaho Code § 28–22–104(1) provides:

When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on:

1. Money due by express contract.
2. Money after the same becomes due.
3. Money lent.
4. Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied.
5. Money due on the settlement of mutual accounts from the date the balance is ascertained.
6. Money due upon open accounts after three (3) months from the date of the last item.

The district court correctly found and stated the applicable legal standards and therefore did not abuse its discretion. It acted with the boundaries of its discretion and consistently with the applicable legal standards by examining each factor of I.C. § 28–22–104(1) as it applied to this case. Therefore, we affirm the district court's denial of prejudgment interest.

## D. Attorney fees were properly denied.

The Taylors cross-appeal the district court's denial of their request for attorney fees. They maintain that they are entitled to attorney fees under the Earnest Money Agreement. The Mailes assert the Taylors are not entitled to attorney fees because they are not parties to the contract.

▪ An award of attorney fees is "within the discretion of the trial court and subject to review for an abuse of discretion." *Ransom v. Topaz Mktg., L.P.*, 143 Idaho 641, 643, 152 P.3d 2, 4 (2006). Whether a statute

awarding attorney fees applies is a question of law over which we exercise free review. *Id.* at 644, 152 P.3d at 5. In addition, attorney fees may be awarded when provided for by contract. I.R.C.P. 54(e)(1).

■ The district court properly denied the Taylors' motion for attorney fees. The court determined that the Taylors could not receive attorney fees pursuant to I.C. § 12–120(3) because the Earnest Money Agreement was between the Trust and the Mailes and, therefore, the Taylors were not a party to the transaction. Finally, the district court declined to award attorney fees pursuant to I.C. § 12–121 because it found the Mailes had not pursued their claims frivolously, unreasonably, or without foundation. We affirm the district court.

The parties have argued the same basis for attorney fees in this appeal. For the same reasons we affirmed the district court, we deny attorney fees on appeal.

## VI. CONCLUSION

We hold that the district court had jurisdiction over the Taylors' claims, the Taylors had standing to pursue their claims, and the Taylors' claims are not moot. In light of our holdings, we affirm the district court order granting the Taylors' motion for summary judgment on the beneficiary claims and the court's denial of the Taylors' request for attorney fees. We decline to award attorney fees on appeal. Costs to Taylors.

Justices J. JONES, TROUT, Pro Tem and KIDWELL, Pro Tem concur.

Chief Justice EISMANN, specially concurring.

I concur in the majority opinion, but write only to point out an issue that was not raised in this case. Theodore Johnson, as trustee, entered into a real estate contract agreeing to sell forty acres of trust property to the Mailes. After Johnson died, Beth Rogers and Andrew Rogers, as successor trustees, closed the sale. Summary judgment was granted upon the ground that Beth Rogers had a conflict of interest that required court approval before she could close the sale. Based upon that lack of court approval, the district court set aside the entire transaction. There has not been any determination that Johnson breached his fiduciary duty by entering into the sale contract. The Mailes have not argued on appeal that the appropriate remedy for closing the sale without court approval would be to set aside only the closing, rather than also setting aside the contract of sale. Thus, we have not addressed the appropriate scope of the remedy for a violation of Idaho Code § 68–108(b).