**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45622**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 31, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LANCE RAYMOND SELLECK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Appeal from no-contact order, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Lance Raymond Selleck appeals from the district court's issuance of a no-contact order. He argues the district court lacked jurisdiction to enter a no-contact order that exceeds the maximum duration of his sentence. The appeal is dismissed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After being charged with domestic battery, the district court issued a no-contact order prohibiting Selleck from contacting the victim. Within months, the State charged Selleck with three violations of the no-contact order. Selleck pleaded guilty to the violations; the district court imposed a unified four-year sentence, with one year determinate; and the district court issued a second no-contact order prohibiting Selleck from contacting the victim for fifty years.

1

Selleck filed a motion to dismiss or modify the fifty-year no-contact order. He argued: (1) the district court lacked jurisdiction to issue a no-contact order that exceeded the maximum duration of his sentence; and (2) the no-contact order failed to comply with Idaho Criminal Rule 46.2 because: (a) the order did not contain a distance restriction; (b) the order did not contain mandatory advisory language; and (c) the order was not signed by Selleck, and there was no indication it was served on Selleck. The district court denied Selleck's motion. Selleck appealed the district court's denial. On appeal, Selleck acknowledged the jurisdictional argument made in the district court, but only argued that the no-contact order failed to comply with I.C.R. 46.2. *See State v. Selleck*, Docket No. 44395 (Aug. 2, 2017) (unpublished). This Court reversed the district court's order denying Selleck's motion to dismiss or modify the fifty-year no-contact order and remanded the case with instructions to modify the no-contact order in accordance with I.C.R. 46.2. *Id.*

Upon remand, the district court issued a revised no-contact order in accordance with I.C.R. 46.2, prohibiting contact with the victim for fifty years. The revised order included a distance restriction and the mandatory advisory language required. Selleck appeals to this Court.

## II.

## ANALYSIS

Selleck argues the district court lacked jurisdiction to enter the revised no-contact order because it exceeds the maximum duration of his five-year sentence. However, this Court does not reach Selleck's argument because it is barred by the law of the case doctrine. This doctrine "prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in [an] earlier appeal." *State v. Hawkins*, 155 Idaho 69, 72, 305 P.3d 513, 516 (2013) (quoting *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009)).

Here, the law of the case doctrine bars Selleck's jurisdiction argument because Selleck could have raised that argument in his first appeal. Instead, he chose to limit his first appeal to the argument that the second no-contact order was noncompliant with I.C.R. 46.2, even though he had advanced his jurisdiction argument to the district court on his motion to dismiss or modify the second no-contact order. Thus, because Selleck's jurisdiction argument is the only argument he advances in this appeal and this Court cannot consider the issue, this appeal is dismissed.

2

### III.
### CONCLUSION

Because the law of the case doctrine bars Selleck's sole argument on appeal, the appeal is dismissed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.